PEMBEE MFG. CORP. v. CAPE FEAR CONSTRUCTION CO., INC., T.R. DRISCOLL SHEET METAL WORKS, INC., AND KOONCE, NOBLE AND ASSOCIATES, INC.

No. 457A84

(Filed 7 May 1985)

Limitation of Actions § 4.3— defective roof—accrual of cause of action

Summary judgment was properly granted for defendants on the basis of the statute of limitations where plaintiff first complained of leaks in its roof within two months after occupying its newly-built facility in 1973, further complaints about leaks in the roof were made over five consecutive months in 1976 and 1977, and plaintiff's complaint was filed in 1981. The fact that experts discovered in 1980 that there was "blistering" throughout the entire roof due to entrapment of moisture in the several layers of roofing material did not create a new cause of action; plaintiff's claim was based on the assertion that its roof was defective, and it clearly knew more than three years prior to bringing suit that it had a defective roof. G.S. 1-52(16), G.S. 1-15(b).

Justice VAUGHN did not participate in the consideration or decision of this case.

PLAINTIFF appeals of right, pursuant to N.C.G.S. § 7A-30(2), from the decision of a divided panel of the Court of Appeals, 69 N.C. App. 505, 317 S.E. 2d 41 (1984), affirming orders of summary judgment in favor of defendants entered by *Britt, J.*, on 22 June 1983 in the Superior Court, ROBESON County. The first order granted summary judgment in favor of defendant Cape Fear Construction Co., Inc. (hereinafter Cape Fear), and the second granted summary judgment in favor of defendants T.R. Driscoll Sheet Metal Works (hereinafter Driscoll) and Koonce, Noble and Associates, Inc. (hereinafter Koonce). Heard in the Supreme Court 13 November 1984.

On 12 July 1972, Pembee Mfg. Corp. (hereinafter Pembee) entered into a contract with Cape Fear and Driscoll under which Cape Fear and Driscoll were to construct for Pembee a 30,000 square foot manufacturing plant in Lumberton, North Carolina at a cost in excess of $205,000. On 1 August 1972, Pembee entered into a contract with Koonce, a professional engineering firm, under which Koonce was to inspect the construction of the plant.

The contract between Pembee and Cape Fear and Driscoll contained specifications for the building to be constructed. These specifications included the following with regard to the roof:

Roof

Shall be 20 year graveled built up bondable roof similar to Frye GW-X on 1½″ Fiberboard insulation. Facia to be .025 Aluminum with scuppers and downspouts.

The construction of the plant was substantially completed during January 1973, and Pembee occupied the building at that time.

In February or March 1973, Davis B. Pillet, president of Pembee, discussed with either T.R. or Stuart Driscoll problems that Pembee was having with roof leaks over the power pipes at the plant. In December 1976, as well as in January, February, March, and April 1977, Mr. Pillet had more discussions with Driscoll concerning roof leaks over the power pipes and at "many spots" throughout the plant. During at least one of these conversations, Driscoll blamed Cape Fear for faulty construction. In

April 1977, Driscoll made some repairs to the roof, for which it charged Pembee $69.15 for 10 pounds of roof cement and labor.

In April 1980, Pembee retained Norman S. Pliner, a registered professional engineer experienced in industrial building design and construction, to inspect the plant's roof. In April, Mr. Pliner, and in May, Mr. Pliner together with Richard T. Baxter, a roofing specialist, examined the roof of the plant. Their inspection revealed evidence of "blistering" throughout the entire roof, which resulted from the entrapment of moisture in the several layers of roofing material.

Pembee filed a complaint against the defendants in Wake County Superior Court on 2 November 1981, alleging breach of contract, negligence, and unjust enrichment. Defendants, in both their answers to the complaint and in their motions for summary judgment, asserted that Pembee's cause of action was barred by the applicable statute of limitations.

Subsequently, Driscoll and Koonce filed a motion for change of venue, and Cape Fear later joined in that motion. On 24 May 1982, the Superior Court of Wake County granted the motion, transferring this action to the Superior Court of Robeson County. Thereafter, in June 1983, the aforementioned orders for summary judgment in favor of all defendants were entered by Judge Britt. The plaintiff appealed and the majority of the panel of the Court of Appeals affirmed the order of Judge Britt.

*Hollowell & Silverstein, P.A., by Thaddeus B. Hodgdon, Everett E. Dodd, and Ward, Strickland & Kinlaw, by Earl Strickland, Attorneys for plaintiff-appellant Pembee Manufacturing Corporation.*

*McLean, Stacy, Henry & McLean, by J. Dickson McLean, Jr., Attorney for defendant-appellee Cape Fear Construction Company, Inc.*

*Lee & Lee, by David F. Branch, Jr., Attorney for defendant-appellees T.R. Driscoll Sheet Metal Works, Inc. and Noble & Associates, Inc.*

MEYER, Justice.

The sole issue on appeal is whether the evidentiary forecast disclosed the existence of a genuine issue of material fact concern-

ing whether the plaintiff knew or should reasonably have known of the defective condition more than three years prior to the filing of this action so as to preclude summary judgment in favor of defendants based on the applicable statute of limitations.[1] We hold that no triable issue of fact was so disclosed, and we affirm the decision of the Court of Appeals.

Upon motion, summary judgment is appropriately entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c). A fact is material if it constitutes a legal defense, such as the bar of an applicable statute of limitations. *See City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 268 S.E. 2d 190 (1980). Once a defendant has properly pleaded the statute of limitations, the burden is then placed upon the plaintiff to offer a forecast of evidence showing that the action was instituted within the permissible period after the accrual of the cause of action. *See Little v. Rose*, 285 N.C. 724, 208 S.E. 2d 666 (1974). However, the party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact. *Texaco, Inc. v. Creel*, 310 N.C. 695, 314 S.E. 2d 506 (1984). In ruling on the motion, the court is to carefully scrutinize the moving party's papers and is to resolve all inferences against him. *Id.*; *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976).

Ordinarily, the question of whether a cause of action is barred by the statute of limitations is a mixed question of law and fact. *Ports Authority v. Roofing Co.*, 294 N.C. 73, 240 S.E. 2d 345 (1978). However, when the bar is properly pleaded and the facts are admitted or are not in conflict, the question of whether the action is barred becomes one of law, *Little v. Rose*, 285 N.C. 724, 208 S.E. 2d 666 (1974); *Teele v. Kerr*, 261 N.C. 148, 134 S.E. 2d 126 (1964), and summary judgment is appropriate. *See Ports Authority v. Roofing Co.*, 294 N.C. 73, 240 S.E. 2d 345; *Little v. Rose*, 285 N.C. 724, 208 S.E. 2d 666.

---

1. Plaintiff attempts to present two other questions in this appeal. However, as the dissent in the Court of Appeals dealt only with the foregoing question, the scope of our review is limited to that question alone. N.C.R. App. P. 16(b).

Under the common law, a cause of action accrues at the time the injury occurs, "even in ever so small a degree." *Matthieu v. Gas Co.*, 269 N.C. 212, 215, 152 S.E. 2d 336, 339 (1967). This is true even when the injured party is unaware that the injury exists. *Wilson v. Development Co.*, 276 N.C. 198, 171 S.E. 2d 873 (1970); *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E. 2d 508 (1957). This common law rule is modified by the provisions of N.C.G.S. § 1-52(1), (5), and (16), which provide:

Within three years an action—

(1) Upon a contract, obligation or liability arising out of a contract, express or implied, except those mentioned in the preceding sections or in G.S. 1-53(1).

. . .

(5) For criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated.

. . .

(16) Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action, except in causes of action referred to in G.S. 1-15(c), shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

Subsection 16, which became effective 1 October 1979, replaced N.C.G.S. § 1-15(b) (Repealed by Session Laws 1979, c. 654, s. 3 effective 1 October 1979), which similarly provided:

Except where otherwise provided by statute, a cause of action, other than one for wrongful death, having as an essential element bodily injury to the person or a defect in or damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, which-

ever event first occurs; provided that in such cases the period shall not exceed 10 years from the last act of the defendant giving rise to the claim for relief.

Both of these statutes modify the sometimes harsh common law rule by protecting a potential plaintiff in the case of a latent injury by providing that a cause of action does not accrue until the injured party becomes aware or should reasonably have become aware of the existence of the injury. *Raftery v. Construction Co.*, 291 N.C. 180, 230 S.E. 2d 405 (1976). That is the extent to which the common law rule is changed; as soon as the injury becomes apparent to the claimant or should reasonably become apparent, the cause of action is complete and the limitation period begins to run. It does not matter that further damage could occur; such further damage is only aggravation of the original injury. *Matthieu v. Gas Co.*, 269 N.C. 212, 152 S.E. 2d 336.

The plaintiff in this case first complained of leaks in the roof within two months after occupying its newly built facility. The undisputed facts show that further complaints about leaks in many spots in the roof were made over five consecutive months in 1976 and 1977. These complaints clearly show that plaintiff, although perhaps not aware of the extent of damage, knew that its roof was defective at least as early as April 1977. The statute of limitations does not require plaintiff to be a construction expert. *See Earls v. Link, Inc.*, 38 N.C. App. 204, 208, 247 S.E. 2d 617, 619 (1978). However, it does require that plaintiff not sit on its rights. Plaintiff, knowing of the existence of leaks in the roof, was put on inquiry as to the nature and extent of the problem. Plaintiff failed to inform itself of the nature and extent of the roof's defects when leaks were discovered and recurred repeatedly. Viewing the evidence in a light most favorable to plaintiff, there is nothing in the record which would indicate that plaintiff was unaware that its roof was defective until a point in time within three years prior to filing suit.

Plaintiff argues that a distinction should be made between the leaks in the roof and the blistering caused by entrapment of moisture, and that this distinction creates a material issue of fact. We reject this argument. Under N.C.G.S. § 1-52(16), as well as former N.C.G.S. § 1-15(b), as soon as plaintiff's injury became apparent, or ought reasonably to have become apparent, its cause of

action accrued. Plaintiff's claim is based on the assertion that its roof is defective. Plaintiff clearly knew more than three years prior to bringing suit that it had a defective roof, yet took no legal action until the statute of limitations had run. The fact that further damage which plaintiff did not expect was discovered does not bring about a new cause of action, it merely aggravates the original injury. *Matthieu v. Gas Co.*, 269 N.C. 212, 152 S.E. 2d 336.

In *Blue Cross and Blue Shield v. Odell Associates*, 61 N.C. App. 350, 301 S.E. 2d 459, *disc. rev. denied*, 309 N.C. 319, 306 S.E. 2d 791 (1983), the Court of Appeals held that the cause of action was barred by the statute of limitations when the plaintiff knew of defects in its glass curtain wall panels more than three years before instituting suit. The fact that defendants claimed that nothing was wrong with the glass panels did not prevent the statute from running, as the defects were apparent to plaintiff. The same is true here. Plaintiff first complained of problems with the roof eight years before filing suit, and repeatedly complained of many leaks four years before suit was filed. We note again that statutes of limitation "operate inexorably without reference to the merits of a plaintiff's cause of action. . . . The purpose of a statute of limitations is to afford security against stale demands, not to deprive anyone of his just rights by lapse of time." *Shearin v. Lloyd*, 246 N.C. at 370, 371, 98 S.E. 2d at 514.

Here the record discloses that the plaintiff knew that it had a defective roof. Although the plaintiff may not have realized the extent of the defect in the roof, the fact that it was defective was apparent at least by April 1977 and, under N.C.G.S. § 1-52(16) and former N.C.G.S. § 1-15(b), the cause of action was thus barred. Summary judgment, therefore, was properly granted. The decision of the Court of Appeals is

Affirmed.

Justice VAUGHN did not participate in the consideration or decision of this case.