ELIZABETH B. ROBERTSON; HARDA A. CALLICUTT AND SPOUSE, GERALENE CALLICUTT; LOIE J. PRIDDY AND SPOUSE, NANCY C. PRIDDY; WILLIAM A. JONES AND SPOUSE, DOROTHY M. JONES; HAROLD E. YOUNG AND SPOUSE, JEWELL S. YOUNG; WILLIAM H. SWINSON AND SPOUSE, CHRISTINE N. SWINSON; BILLY S. INGRAM AND SPOUSE, SARAH C. INGRAM; JOHN C. SINQUEFIELD AND SPOUSE, NORA JANE SINQUEFIELD; DONALD R. BREWER, SR. AND SPOUSE, PAULETTE C. BREWER; THOMAS S. STEVENS, JR. AND SPOUSE, MARGARET STEVENS; MICHAEL L. NIFONG AND SPOUSE, TAMMY M. NIFONG; DONALD R. BREWER, JR. AND SPOUSE, JENNIFER G. BREWER; WALTER C. SPARING AND SPOUSE, IRENE K. SPARING; NELL L. WILLARD; KEITH A. HUTCHENS AND SPOUSE, JANET L. HUTCHENS; FRANK P. KERSEY; JOHN W. HILL AND SPOUSE, ADDLINE D. HILL; HAZEL C. KERSEY; HAROLD G. MORGAN AND SPOUSE, MARIE H. MORGAN; INA H. KERSEY, AND FRANK DILLARD AND J.A. KEY, TRUSTEES OF OAK GROVE BAPTIST CHURCH, AND MAXINE GREEN, KEITH BAMBALIS, BILLY S. INGRAM, SR., TIM MOORE, ARNOLD BECK, MICHELLE HAMILTON, TRUSTEES, MITCHELL'S GROVE UNITED METHODIST CHURCH, PLAINTIFFS v. CITY OF HIGH POINT, AND WACHOVIA MORTGAGE COMPANY, NEW SALEM, INC. (TRUSTEE), BRANCH BANKING & TRUST COMPANY, JERONE C. HERRING (TRUSTEE), CHASE MORTGAGE SERVICES, INC., AND 1ST HOME FINANCIAL CORPORATION (TRUSTEE), DEFENDANTS

No. COA97-665

(Filed 17 March 1998)

1. **Eminent Domain § 296 (NCI4th)— landfill adjacent to plaintiffs' property—inverse condemnation—statute of limitations—accrual**

The trial court did not err by granting defendant's motion to dismiss an inverse condemnation claim arising from a landfill

ROBERTSON v. CITY OF HIGH POINT

[129 N.C. App. 88 (1998)]

under N.C.G.S. § 1A-1, Rule 12(b)(6) based on the two-year statute of limitations in N.C.G.S. § 40A-51. The rule is that a statute of limitations on an inverse condemnation claim begins running when the property first suffers injury; here, plaintiffs' complaint alleges that the landfill caused damage to their property beginning 9 October 1993, but the complaint was filed 23 December 1996. Plaintiffs had a reasonable opportunity to discover that their property was injured well before the running of the statute of limitations and offered no explanation for their delay.

2. **Limitations, Repose, and Laches § 42 (NCI4th)— landfill adjacent to plaintiffs' property—statute of limitations— accrual**

Although plaintiffs argued in an action arising from a landfill adjacent to their property that their claims for nuisance, negligence, and trespass were not banned by the two-year statute of limitations for inverse condemnation in N.C.G.S. § 40A-51, they failed to meet the three-year statute of limitations where the complaint was not filed until 23 December 1996 and clearly states that the landfill operation caused damage to their property beginning 9 October 1993. Where plaintiffs clearly know about damages more than three years prior to bringing suit but take no legal action until the statute of limitations has run, the fact that further damage is caused does not bring about a new cause of action.

3. **Constitutional Law § 119 (NCI4th)— landfill adjacent to church—inverse condemnation—adequate state remedy— running of statute of limitations—remedy not thereby inadequate**

Plaintiff church had neither a right to an injunction nor a direct cause of action under the state constitution based on the claim that an adjacent landfill prevents it from having full use and enjoyment of its property for outdoor worship and social events. N.C.G.S. § 40A-51 provides an adequate state remedy for a partial or total taking of real property interests and plaintiffs cannot claim an inadequate state remedy based on their own failure to comply with the statute of limitations.

Appeal by plaintiffs from grant of motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) entered 7 April 1997 by Judge

Judson D. DeRamus, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 12 January 1998.

*Ben Farmer for plaintiff appellants.*

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr., and Gusti W. Frankel, for City of High Point defendant appellee.*

SMITH, Judge.

Plaintiffs collectively own residential and undeveloped property adjacent to or near the Kersey Valley Landfill ("landfill") which is owned and operated by the City of High Point. Plaintiffs allege that defendant began recurrent dumping of solid waste onto the 118.867-acre landfill beginning 9 October 1993 up through the date of the filing of this lawsuit on 23 December 1996.

Plaintiffs' complaint alleges: (1) inverse condemnation pursuant to N.C. Gen. Stat. § 40A-51 (1984); (2) nuisance; (3) negligence; (4) trespass; and (5) infringement of constitutional rights based on freedom of worship. All causes of action were dismissed by Judge Judson D. DeRamus, Jr., pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990). Plaintiffs appeal.

The only issue presented on appeal is whether the trial court erred in granting defendant's Rule 12(b)(6) motion to dismiss. N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) provides that "[a] motion to dismiss for failure to state a claim upon which relief may be granted . . . is addressed to whether the facts alleged in the complaint, when viewed in the light most favorable to the plaintiffs, give rise to a claim for relief on any theory." *Ford v. Peaches Entertainment Corp.*, 83 N.C. App. 155, 156, 349 S.E.2d 82, 83 (1986), *disc. review denied*, 318 N.C. 694, 351 S.E.2d 746 (1987). This type of motion "should not be allowed unless the pleadings disclose the absence of facts sufficient to make a good claim or some other insurmountable bar to recovery." *Smith v. City of Charlotte*, 79 N.C. App. 517, 528, 339 S.E.2d 844, 851 (1986).

[1] Plaintiffs argue their complaint was filed in compliance with N.C. Gen. Stat. § 40A-51. N.C. Gen. Stat. § 40A-51 provides that an action for inverse condemnation must be initiated "within 24 months of the date of the taking of the affected property or the completion of the project involving the taking, whichever shall occur later." However, since plaintiffs know when the actual taking occurred, they do not need to show their action was instituted within 24 months of the completion of a project. *McAdoo v. City of Greensboro*, 91 N.C. App. 570,

572, 372 S.E.2d 742, 743 (1988). The rule is that a statute of limitations on an inverse condemnation claim begins running when plaintiffs' property first suffers injury. *Lea Co.*, 308 N.C. at 629, 304 S.E.2d at 181.

In the instant case, plaintiffs had reasonable opportunity to discover that their property was injured well before the running of the statute of limitations. Plaintiffs' complaint states the landfill operation caused damage to their property beginning 9 October 1993. However, the complaint was filed 23 December 1996. Plaintiffs "offer no explanation for their delay in filing this action, nor does it appear legally excusable . . . ." *See Smith*, 79 N.C. App. at 523, 339 S.E.2d at 848. Therefore, plaintiffs have failed to comply with the statute of limitations in N.C. Gen. Stat. § 40A-51.

[2] Plaintiffs allege that N.C. Gen. Stat. § 40A-51 does not preempt plaintiffs' nuisance, negligence, and trespass claims, and further, that these tort claims are not banned by the statute of limitations provided in N.C. Gen. Stat. § 40A-51. Instead, plaintiffs claim their nuisance, negligence and trespass claims are confined to the 36-month period prior to the date of filing of plaintiffs' complaint.

N.C. Gen. Stat. § 1-52(3) (1996) provides that, "[w]hen the trespass is a continuing one, the action shall be commenced within three years from the original trespass, and not thereafter." Additionally, N.C. Gen. Stat. § 1-52(16) provides that an action for physical damage to claimant's property shall not accrue until it becomes apparent or ought reasonably to have become apparent to claimant. The primary purpose of N.C. Gen. Stat. § 1-52(16) is that it is intended to apply to plaintiffs with latent injuries. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 493, 329 S.E.2d 350, 354 (1985). However, where plaintiffs clearly know more than three years prior to bringing suit about damages, yet take no legal action until the statute of limitations has run, the fact that further damage is caused does not bring about a new cause of action. *See Pembee Mfg. Corp.*, 313 N.C. at 494, 329 S.E.2d at 354.

For the reasons discussed above, plaintiffs have also failed to meet the three-year statute of limitations for these claims. The complaint states the landfill operation caused damage to their property beginning 9 October 1993, although the complaint was not filed until 23 December 1996. More than three years transpired from the time of the beginning of the claim and the filing of the complaint. Thus, these claims are barred by the statute of limitations.

Based on our ruling that these claims would be barred by the applicable three-year statute of limitations as well as the two-year statute of limitations in N.C. Gen. Stat. § 40A-51, it is unnecessary for us to address plaintiffs' argument that N.C. Gen. Stat. § 40A-51 does not preempt plaintiffs' nuisance, negligence, and trespass tort claims. The face of the complaint disclosed an insurmountable bar to recovery in that the complaint was filed after the applicable statutes of limitations had run. *Small v. Britt*, 64 N.C. App. 533, 535, 307 S.E.2d 771, 773 (1983).

[3] Finally, plaintiff Oak Grove Baptist Church ("Oak Grove") claims infringement of its constitutional right to freedom of religion is not preempted by N.C. Gen. Stat. § 40A-51, that Oak Grove has a direct cause of action under the state constitution. Oak Grove essentially alleges that the landfill prevents it from having full use and enjoyment of its property for outdoor worship and social events. Plaintiffs are therefore seeking equitable relief of an injunction. However, the general rule is that, if there is an adequate remedy at law, then an equitable remedy such as an injunction would be inappropriate. *Peace River Electric Cooperative, Inc. v. Ward Transformer Co.*, 116 N.C. App. 493, 508, 449 S.E.2d 202, 213 (1994), *disc. review denied*, 339 N.C. 739, 454 S.E.2d 655 (1995).

Another general rule is that a direct cause of action under the state constitution is permitted only in the absence of an adequate state remedy. *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 675, 449 S.E.2d 240, 247 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995). In the instant case, N.C. Gen. Stat. § 40A-51 would have provided an adequate state remedy. N.C. Gen. Stat. § 40A-51 provides compensation for a total or partial taking of real property interests. Monetary damages would have adequately compensated the church for any alleged taking of its property. Plaintiffs cannot now claim they did not have an adequate state remedy based on their own failure to comply with the statute of limitations. Since N.C. Gen. Stat. § 40A-51 provides an adequate state remedy, plaintiffs do not have a right to an injunction, nor do they have a direct cause of action under the state constitution.

For the foregoing reasons, we affirm the trial court's grant of defendant's motion to dismiss.

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, John C., concur.