ELMORE, Judge.
Rickey E. Joyce (plaintiff) appeals from an order entered 16 May 2003 granting summary judgment in favor of Lillie Mae Joyce (defendant) and denying plaintiff's motion for summary judgment, motion to strike defendant's summary judgment motion, and motion to compel discovery. For the reasons discussed herein, we affirm.
Plaintiff commenced the underlying litigation by filing pro se an action against defendant, who is plaintiff's mother, on 19 March 2002. Plaintiff's complaint alleges that in October 1978, defendant and her husband directed their attorney to prepare a general warranty deed conveying to plaintiff all right, title and interest in their home (the subject property), "in return for[plaintiff's] promise to make payments of taxes due upon [the subject property], as well as to keep the premises insured and in a suitable state of repair." Although the purported deed was promptly executed by defendant and her husband and recorded with the Stokes County Register of Deeds, defendant has apparently continued to live in the home at all times since.[1] Plaintiff's complaint alleges that for approximately the next twenty years he paid the property taxes and insurance premiums on the subject property, and that he spent substantial amounts of his own time and money making repairs to the premises. Plaintiff contends that he made these expenditures because he believed that he owned the subject property, and his complaint seeks, apparently on a theory of unjust enrichment, "compensation" or "restitution" from defendant for plaintiff's payment of these sums.
The record reveals that on 10 December 1998, plaintiff executed a general warranty deed whereby he purported to convey the subject property to Sylvia B. McKinney. Defendant contested this purported conveyance and on 31 January 1999, defendant filed an action against plaintiff and McKinney (the 1999 action), apparently seeking a declaratory judgment that the 1978 deed which purportedly conveyed the subject property to plaintiff was void, as well as compensatory and punitive damages for intentional infliction of emotional distress. The 1999 action was tried, and on 10 September 1999 the jury returned a verdict (1) declaring the 1978 deed voidon the grounds that defendant lacked sufficient mental capacity at the time of its execution, and (2) awarding defendant compensatory damages in the amount of $50,000.00 and punitive damages in the amount of $20,001.00 on her emotional distress claims against plaintiff and McKinney. On 21 September 1999, judgment was entered on the jury verdict which, inter alia, declared the 1978 deed invalid and ordered that it be stricken. The record indicates that between 18 October 1999 and 31 December 2001, plaintiff and McKinney repeatedly sought appellate review of the judgment rendered in the 1999 action by filing numerous appeals, petitions for relief, and motions with this Court and with the North Carolina Supreme Court, each of which was denied. Throughout this period, defendant tried unsuccessfully to collect on the judgment entered in 1999 against plaintiff and McKinney.
Thereafter, on 19 March 2002 plaintiff filed pro se his action against defendant (the 2002 action), thereby commencing the litigation which gives rise to the present appeal. In the 2002 action, plaintiff, as noted above, sought damages from defendant on a theory of unjust enrichment. The record indicates that plaintiff did not assert a counterclaim for unjust enrichment in answering defendant's complaint against him in the 1999 action; plaintiff's unsuccessful defense in the 1999 action appears to have been solely based on his argument that the purported 1978 conveyance of the subject property to him by defendant was valid. On 19 April 2002, defendant filed her answer, wherein she denied the material allegations of the complaint, asserted counterclaims for abuse ofprocess and malicious prosecution, and moved for sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11.
On 16 May 2002, defendant filed her motion for summary judgment, which was initially set for hearing on 30 May 2002. However, on 20 May 2002, plaintiff served his first set of interrogatories, requests for admission, and requests for production of documents (collectively, the discovery requests). The trial court thereafter continued the hearing on defendant's summary judgment motion pending defendant's response to plaintiff's discovery requests. After initially moving for a protective order, defendant voluntarily served her responses to the discovery requests in October 2002. On 17 October 2002, plaintiff filed (1) a motion to compel discovery, alleging that defendant's "responses are manifestly inadequate and incomplete;" (2) a motion to strike defendant's summary judgment motion; and (3) his own motion for summary judgment.
On 4 December 2002, the trial court heard the parties' cross-motions for summary judgment, as well as plaintiff's motion to strike and motion to compel discovery. On 16 May 2003, the trial court entered an order (1) denying plaintiff's motion to strike, motion for summary judgment, and motion to compel discovery, and (2) allowing defendant's summary judgment motion. From this order, plaintiff appeals.
By his first assignment of error, plaintiff contends the trial court erred in denying his motion to compel discovery. We disagree. With respect to the scope and limits of discovery, our Legislature has provided, in pertinent part, as follows:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . .
The frequency or extent of use of the discovery methods set forth in section (a) shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or . . . (iii) the discovery is unduly burdensome or expensive . . .
N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (2003). "Whether or not the party's motion to compel discovery should be granted or denied is within the trial court's sound discretion and will not be reversed absent an abuse of discretion." Wagoner v. Elkin City Schools' Bd. of Education, 113 N.C. App. 579, 585, 440 S.E.2d 119, 123, disc. review denied, 336 N.C. 615, 447 S.E.2d 414 (1994).
In the present case, the discovery at issue consisted of the following: (1) 68 separate requests for admission, whereby plaintiff requests that defendant admit, for each year between 1978 and 1999, that plaintiff paid all property taxes, insurance premiums, and repair costs related to the subject property, all without any contribution from defendant; (2) eight document production requests, whereby plaintiff seeks production of "receipts or cancelled checks or other indicia of payment" for any property taxes, insurance premiums, and repair costs related to the subject property paid by defendant between 1978 and 1999, as well as certain of defendant's federal and state income tax returns during that period; and (3) three interrogatories, wherebyplaintiff seeks the date and cost of each repair or improvement to the subject property commissioned or performed by defendant between 1978 and 1999, as well as the identity of each insurance agent from whom defendant obtained insurance on the subject property during that period.
Our review of the record indicates that defendant responded appropriately to these broad and voluminous discovery requests. Defendant either admitted, denied, or denied upon information and belief each of the 68 separate requests for admission. In response to plaintiff's document production requests, defendant produced receipts from the Stokes County tax collector's office, as well as invoices, estimates, statements, and cancelled checks relating to various improvements and repairs to the subject property made during the relevant time period. Where defendant was not in possession of the requested documents, defendant indicated as much in her responses and promised to supplement them if and when the documents were located. Finally, defendant's responses to the interrogatories contained the requested information and referred plaintiff to the documents produced by defendant for further information. We also find it significant that because plaintiff's discovery requests relate to issues which were thoroughly litigated in the 1999 action, plaintiff, through discovery and testimony in connection with that litigation, presumably obtained much, if not all, of the information he now claims to seek in his present discovery requests. We are unable to conclude that the trial court abused its discretion in denying plaintiff's motion to compeldiscovery. Accordingly, plaintiff's first assignment of error is without merit.
Plaintiff next contends the trial court erred by granting defendant's motion for summary judgment. We disagree. "[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." Bruce-Terminix Co. v. Zurich Ins. Co., 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998); N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). The evidence is viewed in the light most favorable to the nonmoving party. Id.
In the present case, the trial court granted summary judgment in favor of defendant on the grounds, inter alia, that "[t]he applicable statute of limitations that would apply to Plaintiff's claims expired prior to the institution of his action in the instant case[.]"[2] Our Supreme Court has stated that "an action to recover for money had and received, under the doctrine of unjust enrichment, is an action on implied contract." Dean v. Mattox, 250 N.C. 246, 251, 108 S.E.2d 541, 546 (1959). Accordingly, the limitations period applicable to plaintiff's unjust enrichment claim is three years. See N.C. Gen. Stat. § 1-52(1) (2003) (three-year statute of limitations period for an action arising out of a contract, express or implied).
Regarding expiration of the applicable limitations period as the basis for summary judgment, our Supreme Court has stated as follows:
Ordinarily, the question of whether a cause of action is barred by the statute of limitations is a mixed question of law and fact. However, when the bar is properly pleaded and the facts are admitted or are not in conflict, the question of whether the action is barred becomes one of law, and summary judgment is appropriate.
Pembee Mfg. Corp. v. Cape Fear Constr. Co., 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citations omitted). When the party moving for summary judgment pleads the statute of limitations, the burden is then placed upon the non-movant to forecast evidence showing that the action was commenced within the permissible period after the cause of action accrued. Id.
Our examination of the record indicates that in her answer, defendant asserted as an affirmative defense that "[t]he claims raised by Plaintiff in his Complaint are barred by the applicable statute of limitations." It is undisputed that (1) plaintiff purported to convey all right, title, and interest he claimed to hold in the subject property to a third party on 10 December 1998, and (2) defendant commenced the 1999 action against plaintiff by filing her complaint on 31 January 1999, each of these events occurring over three years before plaintiff filed his complaint on 19 March 2002. Moreover, the record contains no evidence that plaintiff paid any portion of the property taxes, insurancepremiums, or repair costs related to the subject property after the calendar year 1998. Thus, plaintiff has failed to forecast any evidence that he commenced his action for unjust enrichment within three years of making his last expenditure related to the subject property which allegedly benefitted defendant. The trial court did not err in granting summary judgment in favor of defendant.
Affirmed.
Judges MCGEE and MCCULLOUGH concur.
Report per Rule 30(e).

It appears from the record that defendant's husband died shortly after the purported deed was executed.

The trial court also concluded in its order granting defendant's motion for summary judgment that plaintiff's unjust enrichment claim "should have been initiated as or in a compulsory counterclaim in [the 1999 action]," and that plaintiff's failure to do so, along with the running of the limitations period on his unjust enrichment claim, "are alternative grounds which justify and compel the Court's decision."