RICHARD HARRISON and KATHY HARRISON, Plaintiffs v. CITY OF SANFORD, A
MUNICIPAL CORPORATION, Defendant

No. COA05-1001

(Filed 4 April 2006)

**1. Statutes of Limitation and Repose— sewage back-up—negligence—unique injury**

Summary judgment should not have been granted on the basis of the statute of limitations in a negligence action against a city arising from a sewage back-up in plaintiffs' basement. Although there had been other incidents, the injury here was unique, regulatory action indicated that each discharge was a separate violation, and this was not a case of a continuing injury. The statute of limitations did not begin to run until the date of this injury.

**2. Negligence— sewage back-up—duty of reasonable care admitted—summary judgment motion**

There was evidence sufficient to establish a triable issue of fact in a negligence case against a city arising from a sewage back-up where the city admitted that it had a duty of reasonable care and the evidence was sufficient to withstand the motion for summary judgment on causation and damage.

### 3. Immunity— governmental—sewage back-up—proprietary function

A city was not entitled to the shield of governmental immunity in an action arising from a sewage back-up where the city admitted setting rates and charging fees. The doctrine of governmental immunity will not act as a shield to a municipality when the activity is proprietary; the operation and maintenance of a sewer system is a proprietary function where the municipality sets rates and charges fees.

Appeal by plaintiffs from judgment entered 4 April 2005 by Judge Gregory A. Weeks in Lee County Superior Court. Heard in the Court of Appeals 23 February 2006.

*Van Camp, Meacham & Newman, PLLC, by Thomas M. Van Camp, for plaintiff appellants.*

*Cranfill Sumner & Hartzog, LLP, by Norwood P. Blanchard, III, for defendant appellee.*

McCULLOUGH, Judge.

Plaintiffs appeal from the granting of a motion for summary judgment where there was no genuine issue of material fact and defendant was entitled to judgment as a matter of law.

Richard and Kathy Harrison ("the Harrisons") own a residence located at 528 Summit Drive in Sanford, North Carolina, which is serviced by a main sewer line and manhole maintained and operated by the City of Sanford ("the City"). The Harrisons allege that on 8 August 2003 a large rain storm occurred in which the manhole located on the Harrisons' property and operated and maintained by the City, begin emitting untreated sewage from the City's sewage system causing the untreated sewage to flow onto the Harrison's property. The Harrisons further allege that the City was informed of the sewage overflow; however, the City took no action. The overflow of sewage from the manhole caused 39 inches of untreated sewage to enter the Harrisons' basement causing damage to personal property located in the basement totaling approximately $49,000.00 and further property damage totaling approximately $20,000.

Prior to 8 August 2003, sewage from the City's sewer lines and manhole had entered the Harrisons' yard and a small concrete area of their basement beginning sometime around 1992. Beginning in 1996,

the Harrisons contacted the City on numerous occasions regarding problems with sewage discharge onto their property. The North Carolina Department of Environment and Natural Resources ("NCDENR") issued a notice of violations in February 2002 stating that it is illegal under our statutes to "discharge wastewater without a permit" which could result in assessment of monetary penalties "per day per violation." The City failed to correct the problems causing the sewer system and manhole to continue to discharge untreated sewage.

In January 2004, the Harrisons filed a complaint against the City alleging negligence, private nuisance, and trespass. The City filed a motion for summary judgment on 18 February 2005 for failure to state a claim upon which relief may be granted, failure to file the claim within the applicable statutory periods, and claims barred by immunity. On 4 April 2005 the trial court entered an order granting the City's motion for summary judgment.

Plaintiff appeals.

[1] We now address the Harrisons' argument on appeal that the trial court erred in granting summary judgment. We agree.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). On a motion for summary judgment, "[t]he evidence is to be viewed in the light most favorable to the nonmoving party." *Moore v. Coachmen Industries, Inc.*, 129 N.C. App. 389, 394, 499 S.E.2d 772, 775 (1998). When determining whether the trial court properly ruled on a motion for summary judgment, this Court conducts a *de novo* review. *Va. Electric and Power Co. v. Tillett*, 80 N.C. App. 383, 385, 343 S.E.2d 188, 191, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986).

There is no genuine issue of material fact where a party demonstrates that the claimant cannot prove the existence of an essential element of his claim or cannot surmount an affirmative defense which would bar the claim. *Vares v. Vares*, 154 N.C. App. 83, 86, 571 S.E.2d 612, 615 (2002), *disc. review denied*, 357 N.C. 67, 579 S.E.2d 576 (2003). In regard to the accrual of a cause of action, our statutes state, "for personal injury or physical damage to claimant's property, the cause of action, . . . shall not accrue until bodily harm to the

claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant." N.C. Gen. Stat. § 1-52(16) (2005). Appellee's argument relies on the interpretation of N.C. Gen. Stat. § 1-52(16) in *Robertson v. City of High Point*, 129 N.C. App. 88, 497 S.E.2d 300, *disc. review denied*, 348 N.C. 500, 510 S.E.2d 654 (1998), and *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 329 S.E.2d 350 (1985). However, the instant case is easily distinguished from each of these cases, and therefore the application of the statute must also differ.

In *Pembee*, the defendant constructed a roof for plaintiff which was later determined to be defective. The plaintiff discovered the defect in the roof when it began to leak two months after occupying the building in 1977; however, in 1980, an engineer discovered blistering throughout the entire roof which was determined to be caused by the entrapment of moisture in the roof. Our Supreme Court rejected plaintiff's contention that the blistering of the roof was a separate injury from the original leaks. The Court held that as soon as an injury becomes apparent, a cause of action accrues and that further damage caused because of the injury does not give rise to a new cause of action, but is rather a mere aggravation of the original injury. *Pembee*, 313 N.C. at 493-94, 329 S.E.2d at 354.

In *Robertson*, the plaintiffs filed a suit alleging negligence, nuisance, trespass and infringement of constitutional rights based on damage caused by the operation of a landfill in the dumping of solid waste. The City of High Point began dumping solid waste onto property adjacent to plaintiffs' property in October 1993 and suit was not filed until December 1996. This Court held that plaintiffs knew or reasonably should have known of the injury to their property in October 1993, and the fact that further injury was caused was insufficient to give rise to a new cause of action. *Robertson*, 129 N.C. App. at 91, 497 S.E.2d at 302.

It was clear in *Pembee* that there was one single injury, leaks in the roof, which was only further exacerbated by entrapment of the moisture from the leaks in the roof. Moreover, in *Robertson* the injury caused by the landfill recurred each and every day from October 1993 until December 1996 without interruption. In stark contrast to both of these cases, the injury in the instant case of which the Harrisons complain was not a continuing injury but rather one of a separate and distinct nature. Before 8 August 2003, when sewage was discharged and entered into the Harrisons' home, the damage consisted of broken pipes and concrete. However, on 8 August 2003, the injury caused by

sewage discharge into the home caused a loss of personal property totaling $49,000.00 and further property damage of $20,000.00. The unique nature of the injury in this case is further evidenced by the language of NCDENR's violation notice to the City. The notice stated that further *illegal discharge would result in an assessment of penalties* **per violation** indicating that each separate instance of sewage discharge was a separate violation. This is not a case of a continuing injury nor is it one involving an exacerbated injury. Instead, this Court must focus on the date the injury at issue occurred which is 8 August 2003.

We also note that in applying this statute, this Court must look to the plain and ordinary meaning where the words chosen by the legislature to comprise the law are clear and unambiguous. *See Hyler v. GTE Products Co.*, 333 N.C. 258, 262, 425 S.E.2d 698, 701 (1993). It is clear from the words of the statute that the litmus test used in determining the date of the accrual of an action is the date on which the **injury** becomes apparent or reasonably should have been apparent. The legislative purpose behind this statute and the interpretations of the Courts are twofold: (1) deterring litigants from bringing suit each and every time they sustain a harm, and (2) deterring litigants from acting in a dilatory manner about substantive damage. The case at hand is an intersection of these two purposes, and for that reason this Court must balance those interests. The Harrisons gave repeated notice to the City regarding the overflow of sewage from the manhole. Further, if the Harrisons brought suit in any of the instances involving sewage discharge before 8 August 2003, their damages would have been nominal at best. To require a plaintiff to go into court and predict an occurrence, such as is present in the instant case, would be requiring a plaintiff to litigate over speculative injury. This Court does not hold today differently than we have before; instead, we note the separate and distinct injury caused on 8 August 2003 and determine that this is the date on which the cause of action accrued.

**[2]** Further, taking the evidence in the light most favorable to the Harrisons, it is evident from the affidavits that a triable issue of fact exists as to whether or not the City engaged in actionable negligence. In a negligence claim, summary judgment is proper where the plaintiff's forecast of evidence is insufficient to support an essential element of negligence. *See Patterson v. Pierce*, 115 N.C. App. 142, 143, 443 S.E.2d 770, 771, *disc. review denied*, 337 N.C. 803, 449 S.E.2d 749 (1994). A plaintiff must show that: "(1) the defendant owed the plain-

tiff a duty of care; (2) the defendant's conduct breached that duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) damages resulted from the injury." *Bostic Packaging, Inc. v. City of Monroe*, 149 N.C. App. 825, 830, 562 S.E.2d 75, 79, *disc. review denied*, 355 N.C. 747, 565 S.E.2d 192 (2002). Summary judgment is a drastic measure, and it should be used with caution, especially in a negligence case in which a jury ordinarily applies the reasonable person standard to the facts of each case. *See Williams v. Power & Light Co.*, 296 N.C. 400, 402, 250 S.E.2d 255, 257 (1979).

In the instant case, the record reveals that the City admitted that it had a duty of reasonable care in regard to the main sewer lines and manhole located on the Harrisons' property. Further, the affidavits in the record evince sufficient evidence to withstand the City's summary judgment of a breach of duty by the City, causation and damage.

[3] Moreover, the doctrine of governmental immunity will not act as a shield to a municipality from liability for torts committed by its agencies and organizations when the activity of the municipality is " 'proprietary' " in nature. *Bostic*, 149 N.C. App. at 826-27, 562 S.E.2d at 77. The law is clear in holding that the operation and maintenance of a sewer system is a proprietary function where the municipality sets rates and charges fees for the maintenance of sewer lines. *Bostic*, 149 N.C. App. at 829, 562 S.E.2d at 78; *Pulliam v. City of Greensboro*, 103 N.C. App. 748, 754, 407 S.E.2d 567, 570, *disc. review denied*, 330 N.C. 197, 412 S.E.2d 59 (1991). In the instant case, the City admitted that it sets sewer rates and charges fees in respect to the sewer system. Therefore, this assignment of error is overruled.

Accordingly, the trial court erred in granting summary judgment in favor of the City where the statute of limitations did not begin to run until the separate and distinct act of sewage discharge caused injury on 8 August 2003. Further, the affidavits and pleadings, taken in the light most favorable to the Harrisons evinces that there was a genuine issue of material fact and that the City was not entitled to the shield of governmental immunity.

Reversed.

Judges TYSON and LEVINSON concur.