**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1899

PATRICIA FAULISE, Deceased, by and through
personal representative, Joe Faulise, husband,

Plaintiff - Appellant,

versus

SMITHKLINE BEECHAM CORPORATION, d/b/a
Glaxosmithkline,

Defendant - Appellee.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (5:05-cv-00200)

Submitted:  March 14, 2007              Decided:  April 5, 2007

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard J. Lutzel, LUTZEL GANDY & BROADWAY, PLLC, Mooresville,
North Carolina, for Appellant. Frederick W. Rom, Michael T. Wood,
WOMBLE, CARLYLE SANDRIDGE & RICE, PLLC, Research Triangle Park,
North Carolina; Madeleine M. McDonough, Steven M. Thomas, SHOOK
HARDY & BACON, L.L.P., Kansas City, Missouri, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joe Faulise (Faulise) filed a civil action against SmithKline Beecham Corporation (d/b/a GlaxoSmithKline) on behalf of his late wife, Patricia Faulise (Patricia), alleging that she was injured and later died because she used Imitrex, a GlaxoSmithKline product. Specifically, the action alleged claims of products liability, negligence, breach of express and implied warranty, unjust enrichment and loss of consortium with respect to Patricia's initial heart attack and later death. GlaxoSmithKline then filed a motion for summary judgment, arguing that Faulise failed to timely file his action. The district court agreed and granted summary judgment to GlaxoSmithKline. Faulise timely appealed.

We review de novo a district court's grant of summary judgment. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment may only be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A three-year statute of limitations governs Faulise's claims as they relate to Patricia's personal injuries. See N.C. Gen. Stat. § 1-52(1) and (5). However, "[u]nless otherwise provided by statute, [a cause of action] for personal injury . . . shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have

- 2 -

become apparent to the claimant, whichever event first occurs." N.C. Gen. Stat. § 1-52(16). As Faulise filed the instant action more than three years after Patricia acknowledged that she suspected Imitrex caused her heart problems, we conclude that the claims related to Patricia's personal injuries were not timely filed. Moreover, while Faulise argues that Patricia incurred congestive heart failure within the three-year limitations period, "[f]urther damage incurred after the date of accrual is only an aggravation of the original injury and does not restart the statutory limitations period." Pembee Mfg. Corp. v. Cape Fear Constr. Co., 329 S.E.2d 350, 354 (N.C. 1985).

A two-year statute of limitations governs the claims with respect to Patricia's death. See N.C. Gen. Stat. § 1-53. However, "whenever the decedent would have been barred, had he lived, from bringing an action for bodily harm because of the provisions of G.S. 1-15(c) or 1-52(16), no action for his death may be brought." Id. As the claims for Patricia's injuries that occurred before her death were not filed in a timely fashion, we conclude that Faulise is barred from asserting his claims with respect to Patricia's death.

Based on the foregoing, we affirm the district court's order granting summary judgment to GlaxoSmithKline. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED