IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-1137

Filed: 21 August 2018

Halifax County, No. 16 CVS 30

TOWN OF LITTLETON, Plaintiff,

v.

LAYNE HEAVY CIVIL, INC. f/d/b/a REYNOLDS, INC.; LAYNE INLINER, LLC, f/d/b/a REYNOLDS INLINER, LLC; and MACK GAY ASSOCIATES, P.A., Defendants.

Appeal by plaintiff from orders entered 20 June and 5 July 2017 by Judge Beecher R. Gray in Halifax County Superior Court. Heard in the Court of Appeals 7 March 2018.

> *Hedrick Gardner Kincheloe & Garofalo LLP, by Joshua D. Neighbors and Patricia P. Shields, and Tharrington Smith, LLP, by Rod Malone and Kristopher B. Gardner, for plaintiff-appellant.*
>
> *Ellis & Winters LLP, by Stephen D. Feldman, Leslie C. Packer, Steven A. Scoggan, and Alexander M. Pearce, for defendants-appellees Layne Heavy Civil, Inc. and Layne Inliner, LLC.*
>
> *Young Moore and Henderson, P.A., by Walter E. Brock, Jr. and Andrew P. Flynt, for defendant-appellee Mack Gay Associates, P.A.*

BERGER, Judge.

The Town of Littleton ("Plaintiff") appeals two orders granting summary judgment in favor of Layne Heavy Civil, Inc. and Layne Inliner, LLC ("Defendant Layne") and Mack Gay Associates, P.A. ("Defendant Mack Gay") in a dispute over a

sewer rehabilitation project. The trial court ruled in favor of all Defendants because the applicable statutes of limitation barred each of Plaintiff's claims. Plaintiff argues that the trial court erred because the sewer project was a governmental function to which statutes of limitation would not apply under the doctrine of *nullum tempus*. However, a municipality's operation and maintenance of a sewer system is a proprietary function, not governmental, and thus, the doctrine of *nullum tempus* is inapplicable. We therefore affirm the orders of the trial court.

Factual and Procedural Background

In 2004, Plaintiff received grant money from the North Carolina Clean Water Management Trust Fund ("the Fund") to rehabilitate its sewer system. One purpose of the Fund is to "help finance projects that enhance or restore degraded surface waters; protect and conserve surface waters, including drinking supplies, and contribute toward a network of riparian buffers and greenways for environmental, educational, and recreational benefits." N.C. Gen. Stat. § 143B-135.230 (2017). Plaintiff contracted with Defendant Mack Gay to provide assistance in applying for grant funding, design the rehabilitation project, and perform construction administration and observation services.

The main scope of the project was to eliminate storm water infiltration into Plaintiff's sanitary sewer collection system, which would reduce costs and prevent untreated wastewater spills. Defendant Mack Gay provided construction plans in

July 2005. The scope of proposed work included: rehabilitation or replacement of existing sewer lines, manholes, and an existing pump station; construction of new pump stations; installation of a generator at a wastewater treatment plant; and other miscellaneous repairs.

Plaintiff contracted with Defendant Layne for the rehabilitation and repair work that began in December 2005 and was completed by October 2008. Beginning in April 2010, residents informed Plaintiff of serious deficiencies with the sewer rehabilitation. Inspections in October 2010 and March 2011 confirmed significant issues with the project. Recognizing the seriousness of the deficiencies, on November 7, 2011, Plaintiff's town commissioners and town attorney discussed holding Defendants accountable for these deficiencies. The town attorney was authorized to take actions to ensure the issues were corrected. Plaintiff's town commissioners formally authorized the town attorney to file suit on January 3, 2013.

However, three years passed before Plaintiff filed this lawsuit against Defendants on January 8, 2016. Plaintiff's unverified complaint alleged negligence, fraud, negligent misrepresentation, breach of contract, breach of warranty, professional malpractice, trespass to chattels, conversion, and unfair and deceptive trade practices. Defendants moved to dismiss all claims pursuant to Rule 12 of the North Carolina Rules of Civil Procedure, and the trial court dismissed the trespass and conversion claims, as well as the claim of unfair and deceptive trade practices

against Defendant Mack Gay.

On May 8 and May 11, 2016, Defendants filed motions for summary judgment on all remaining claims by Plaintiff, alleging that all were barred by the applicable statutes of limitation. Plaintiff filed neither responsive pleadings nor additional evidence. Since there were no disputes as to the material facts, the trial court granted summary judgment in favor of Defendant Layne in an order entered June 20, 2017 and Defendant Mack Gay in an order entered July 5, 2017. Both of the trial court's orders granted summary judgment against Plaintiff because of the expiration of the applicable statutes of limitation. Plaintiff timely appealed these orders.

## Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

## Analysis

Plaintiff argues that the trial court erred in granting summary judgment in favor of Defendants due to the expiration of statutes of limitation. Plaintiff asserts that its claims are not barred by the statutes of limitation because the project was a governmental function and was therefore protected by the doctrine of *nullum tempus*.

We disagree.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2017). Further,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

N.C. Gen. Stat. § 1A-1, Rule 56(e); *accord Asheville Sports Props., LLC v. City of Asheville*, 199 N.C. App. 341, 344, 683 S.E.2d 217, 219 (2009).

Causes of action based on negligence, fraud, negligent misrepresentation, breach of contract, breach of warranty, and professional malpractice are each subject to a three-year statute of limitation. N.C. Gen. Stat. §§ 1-15(c), -52 (2017). A cause of action based on unfair and deceptive trade practices is subject to a four-year statute of limitation. N.C. Gen. Stat. § 75-16.2 (2017). Plaintiff filed its suit more than four years after all claims arose. Its suit would therefore be barred unless the doctrine of *nullum tempus* applies.

Our Supreme Court has described the doctrine of *nullum tempus occurrit regi* by stating that:

> *nullum tempus* survives in North Carolina and applies to exempt the State and its political subdivisions from the running of time limitations unless the pertinent statute expressly includes the State. . . . *Nullum tempus* does not, however, apply in every case in which the State is a party. If the function at issue is governmental, time limitations do not run against the State or its subdivisions unless the statute at issue expressly *includes* the State. If the function is proprietary, time limitations do run against the State and its subdivisions unless the statute at issue expressly *excludes* the State.

*Rowan Cty. Bd. of Educ. v. U.S. Gypsum Co.*, 332 N.C. 1, 8-9, 418 S.E.2d 648, 653-54 (1992).

As in sovereign immunity cases, whether the subject matter of the suit is governmental or proprietary will determine whether the courts must apply *nullum tempus* or the appropriate statutes of limitation. *See id.* Generally, "[i]f the undertaking of the municipality is one in which only a governmental agency could engage, it is governmental in nature. It is proprietary and 'private' when any corporation, individual, or group of individuals could do the same thing." *Britt v. City of Wilmington*, 236 N.C. 446, 451, 73 S.E.2d 289, 293 (1952). "The law is clear in holding that the operation and maintenance of a sewer system is a proprietary function where the municipality sets rates and charges fees for the maintenance of sewer lines." *Harrison v. City of Sanford,* 177 N.C. App. 116, 121, 627 S.E.2d 672, 676, *disc. review denied,* ___ N.C. ___, 639 S.E.2d 649 (2006); *see also Union Cty. v. Town of Marshville*, ___ N.C. App. ___, ___, 804 S.E.2d 801, 805 (2017) (municipality

not entitled to immunity because operation and maintenance of sewer system is proprietary in nature), *disc. review denied* ___ N.C. ___, 814 S.E.2d 101 (2018); *Bostic Packaging, Inc. v. City of Monroe*, 149 N.C. App. 825, 829, 562 S.E.2d 75, 79, *disc. review denied*, 355 N.C. 747, 565 S.E.2d 192 (2002) (municipality not immune from tort liability in the operation and maintenance of a sewer system).

Plaintiff contends that the facts of this case compel us to follow *McCombs v. City of Asheboro*, 6 N.C. App. 234, 170 S.E.2d 169 (1969). Plaintiff interprets *McCombs* as holding that the construction of a sewer system is a governmental function, thus entitling the City of Asheboro to governmental immunity, and, by analogy, entitles Plaintiff to the protection of *nullum tempus.* However, Plaintiff's reliance on *McCombs* is misguided for two reasons. First, *McCombs* refrained from deciding whether the City of Asheboro's construction of a new sewer line was a governmental or proprietary function. *See id.* at 242, 170 S.E.2d at 175 ("Conceding, *arguendo*, that [Plaintiff's allegation that the Defendant was engaged in a proprietary function in the construction of a sewer line] is sufficient to save the complaint from demurrer on the ground of governmental immunity, we are of the opinion that the complaint must fail [because there are no facts alleged constituting negligence of the defendant]."). Second, *McCombs* is distinguishable from the case *sub judice* because the defendant in *McCombs* was constructing new sewer lines, *id.* at 237, 170 S.E.2d at 172, whereas here, Plaintiff was maintaining sewer system assets in need of repair.

The final report expressly acknowledged the purpose of the project was to rehabilitate more than 35,000 linear feet of sewer collection lines and nearly 120 manhole covers; replace or build multiple pump stations; and conduct "[m]iscellaneous repairs to short line segments." Defendant Mack Gay's final report on the project states that the main purpose of the project was to reduce inflow and infiltration of storm water into the sewer system. The evidence Defendants submitted in support of its summary judgment motions established that one of the purposes of the project was to reduce costs of running the sewer system. This evidence tended to show that the project would eliminate expenses incurred per gallon of inflow and infiltration, which were estimated to cost $0.09 per gallon per year. Additionally, the project would also eliminate Plaintiff's potential liability for sewage spills resulting from rainwater penetrating the system, which, under state law, could have cost up to $25,000.00 per day.

The record before us shows that there is no genuine issue as to any material fact and Defendants were entitled to a judgment as a matter of law. The evidence describes a maintenance project on a city-operated sewer system to reduce the infiltration and inflow of storm water. This maintenance would reduce costs to Plaintiff in its running of the sewer system and would reduce any waste water spills. Because the operation and maintenance of a sewer system is a proprietary function, Plaintiff's maintenance project was a proprietary function. The doctrine of *nullum*

*tempus* does not apply to Plaintiff's claims.  Therefore, the trial court did not err in granting summary judgment in favor of Defendants.

<u>Conclusion</u>

Defendants properly pleaded the applicable statutes of limitation as a defense against each of Plaintiff's claims.  The undisputed facts describe a sewer system maintenance project, which is a proprietary function.  Thus, *nullum tempus* does not apply to Plaintiff's claims, and the statutes of limitation control.  The trial court did not err in granting summary judgment to Defendants because of the expiration of the applicable statutes of limitation.  The orders of the trial court are affirmed.

AFFIRMED.

Judges ELMORE and INMAN concur.