J. HENRY FORD AND WIFE, DORIS FORD v. PEACHES ENTERTAINMENT CORPORATION, THE CITY OF GREENSBORO, INSURANCE SERVICES OFFICE, INC., AND DREW HENDERSON

No. 8618SC431

(Filed 21 October 1986)

Automobiles § 43.2— false alarm—collision with fire truck—negligence in causing alarm not proximate cause of accident

    Defendants' negligent testing of a sprinkler system which caused an alarm to sound at the fire department was not a proximate cause of an accident between plaintiff's vehicle and the fire truck which responded to the alarm; therefore, the trial court properly allowed defendants' motion to dismiss in plaintiff's action to recover for personal injuries sustained in the collision.

APPEAL by plaintiffs from *Seay, Judge.* Judgment entered 28 February 1986 in Superior Court, GUILFORD County. Heard in the Court of Appeals 14 October 1986.

This is a civil action in which the plaintiffs seek to recover damages for personal injury arising out of a collision with a fire truck in Greensboro, North Carolina. The plaintiffs' complaint alleges that the defendant Peaches' employee, the defendant Drew Henderson, negligently tested a sprinkler system causing an alarm to sound at the fire department. On its way to Peaches' place of business a fire truck collided with the plaintiff Mr. Ford's car, resulting in his bodily injury. The trial court allowed the motions of defendants Peaches, Drew Henderson and Insurance Services to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6). The plaintiffs appealed.

---

---

*Alexander, Ralston, Pell & Speckhard, by Stanley E. Speckhard, for plaintiff appellants.*

*Maupin, Taylor, Ellis & Adams, P.A., by Thomas W. H. Alexander and James E. Gates, for defendant appellees Insurance Services Office, Inc. and Drew Henderson.*

*Tuggle, Duggins, Meschan & Elrod, P.A., by Kenneth R. Keller and Kenneth L. Jones, for defendant appellee Peaches Entertainment Corporation.*

WEBB, Judge.

The sole question presented by this appeal is whether the trial court properly allowed the defendants' motions to dismiss. The plaintiffs argue that the court incorrectly concluded that the defendants' negligence was not a proximate cause of this accident. We cannot agree.

A motion to dismiss for failure to state a claim upon which relief may be granted under G.S. 1A-1, Rule 12(b)(6) is addressed to whether the facts alleged in the complaint, when viewed in the light most favorable to the plaintiffs, give rise to a claim for relief on any theory. *Brewer v. Hatcher*, 52 N.C. App. 601, 279 S.E. 2d 69 (1981). For the plaintiffs' complaint to withstand a motion to dismiss the facts alleged must demonstrate that the defendants' negligence was a proximate cause of their injuries. "An essential element of causation is foreseeability, that which a person of ordinary prudence would reasonably have foreseen as the probable consequence of his acts. A person is not required to foresee all results but only those consequences which are reasonable." *Bogle v. Duke Power Company*, 27 N.C. App. 318, 321, 219 S.E. 2d 308, 310 (1975), *disc. rev. denied*, 289 N.C. 296, 222 S.E. 2d 695 (1976). This collision was not a reasonable result of the defendants' negligently causing a fire truck to be summoned such that a person of ordinary prudence should have foreseen it. Their negligence was not a proximate cause of the plaintiffs' injury and the trial court properly allowed the motions to dismiss.

We believe that *Hairston v. Alexander Tank and Equipment Co.*, 310 N.C. 227, 311 S.E. 2d 559 (1984) upon which the plaintiffs rely is distinguishable. That case held a jury could find that there was proximate cause when the defendant negligently installed a

wheel on the automobile of the plaintiff's intestate and the wheel came off, causing the vehicle to stop on the highway so that it was struck and the plaintiff's intestate was killed. It is reasonably foreseeable that the loss of a wheel will cause a vehicle to stop on a highway where it is at risk from other traffic. It is not reasonably foreseeable that in the event of a false alarm a fire truck will cause an accident in responding to the alarm.

Affirmed.

Judges BECTON and EAGLES concur.