ANNE RUSSELL v. DONALD ADAMS

No. COA96-534

(Filed 18 March 1997)

1. **Physicians, Surgeons, and other Health Care Professionals § 125 (NCI4th)— malpractice by psychologist—physician-patient relationship required**

Plaintiff did not have the requisite physician-patient relationship with defendant psychologist to state a claim for medical malpractice where plaintiff's daughter, not plaintiff, was defendant's patient and plaintiff alleged that defendant rendered false unsolicited psychological opinions about plaintiff without ever having treated her.

**Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 357 et seq.**

**What constitutes physician-patient relationship for malpractice purposes. 17 ALR4th 132.**

2. **Limitations, Repose, and Laches § 19 (NCI4th)— emotional distress—statute of limitations—erroneous dismissal on pleadings**

The trial court erred in dismissing on the pleadings plaintiff's claims for negligent and intentional infliction of emotional distress based on a plea in bar of the statute of limitations where plaintiff's complaint was silent as to when her alleged distress manifested itself, and the facts necessary to support defendant's plea in bar of the statute of limitations were not contained in the complaint.

**Am Jur 2d, Fright, Shock, and Mental Disturbances §§ 13 et seq.**

**3. Negligence § 9 (NCI4th)— negligent misrepresentation—
dismissal—element of malpractice claim**

It was not error for the trial court to dismiss plaintiff's claim
for negligent misrepresentation where plaintiff alleged negligent
misrepresentation as an element of her malpractice claim against
defendant psychologist but failed to allege negligent misrepre-
sentation as a separate claim.

**Am Jur 2d, Negligence §§ 126, 127.**

Judge WYNN concurring in the result.

Appeal by plaintiff from order entered 23 February 1996 in New
Hanover County Superior Court by Judge James E. Ragan, III. Heard
in the Court of Appeals 28 January 1997.

*David P. Parker and Beth R. Setzer for plaintiff-appellant.*

*Maupin Taylor Ellis & Adams, P.A., by John T. Williamson,
Karon B. Thornton and James A. Roberts III, for defendant-
appellee.*

GREENE, Judge.

Anne Russell (plaintiff) appeals the dismissal pursuant to N.C.
Gen Stat. § 1A, Rule 12(b)(6) (1996) of her complaint which alleged
that Dr. Donald Adams (Dr. Adams), a licensed psychologist in North
Carolina, had committed medical malpractice, negligently and inten-
tionally inflicted emotional distress, and made slanderous statements
which caused the plaintiff to be ostracized from her daughter, Betsy
Johnson (Ms. Johnson).

The relevant allegations of the complaint, filed on 12 September
1995, show that in 1989 Ms. Johnson sought the services of Dr.
Adams. In April of 1989 Ms. Johnson told plaintiff that Dr. Adams had
told her, during his treatment of her, that plaintiff was mentally ill
with a borderline personality and in need of extensive psychotherapy.
Dr. Adams recommended that Ms. Johnson sever all ties with plain-
tiff. The relationship between plaintiff and Ms. Johnson deteriorated
during the professional relationship Ms. Johnson had with Dr. Adams.
In June of 1989 Ms. Johnson told plaintiff that she was not to attempt
to visit with her (Ms. Johnson's) child. Ms. Johnson threatened to kill
plaintiff and rejected all of plaintiff's efforts to continue a loving rela-
tionship, "justifying these actions with the [purported] 'diagnosis' of

Dr. Adams that [plaintiff] is a 'borderline personality' who has abused" her. On 8 September 1992 Dr. Adams informed James Alfred Miller (Miller), plaintiff's father, that she suffers from a mental illness known as borderline personality. On 2 November 1994 Miller related this information to plaintiff. The plaintiff "does not have a borderline personality" and is not "mentally unstable" and has never been a patient of Dr. Adams.

---

The issues presented are whether: (I) there is a requirement of a physician-patient relationship in order to state a claim for medical malpractice against a psychologist in North Carolina; and (II) the claims for infliction of emotional distress are barred by the statute of limitations.

"A motion to dismiss for failure to state a claim upon which relief may be granted under [N.C.G.S. § 1A-1, Rule 12(b)(6) (1990)] is addressed to whether the facts alleged in the complaint, when viewed in the light most favorable to the plaintiffs, give rise to a claim for relief on any theory." *Ford v. Peaches Entertainment Corp.*, 83 N.C. App. 155, 156, 349 S.E.2d 82, 83 (1986), *cert. denied*, 318 N.C. 694, 351 S.E.2d 746 (1987).

I

[1] "It is well settled that the relationship of physician to patient must be established as a prerequisite to an actionable claim for medical malpractice." *Easter v. Lexington Memorial Hosp.*, 303 N.C. 303, 305-06, 278 S.E.2d 253, 255 (1981); *Childers v. Frye*, 201 N.C. 42, 45, 158 S.E.2d 744, 746 (1931); *see Mozingo v. Pitt County Memorial Hosp.*, 331 N.C. 182, 189, 415 S.E.2d 341, 345 (1992) (physician supervising resident actually treating patient "may be held accountable" to patient). In this case there are no allegations, when considered in the light most favorable to the plaintiff, that the plaintiff had a relationship of patient-physician with Dr. Adams.

The plaintiff nonetheless argues that privity is "not a requirement for a claim of malpractice against a psychologist" because they have the "ability to render" and often do render "unsolicited psychological" opinions about persons they are not treating in an effort to assist the person they are treating. In rendering these opinions, the plaintiff contends, the Code of Ethics of Psychologists and the North Carolina Psychology Act (Chapter 90, Article 18A) require the psychologist to avoid misrepresentations that may mislead or exploit persons other than the patient. *See* N.C.G.S. § 90-270.15(a)(4) (1993) (allowing revo-

cation of license of psychologist for any "misrepresentation upon the public"); *Principle E: Ethical Principles of Psychologists and Code of Conduct*, Amer. Psychologist, Dec. 1992 (psychologists must weigh the welfare of "affected persons").

We reject plaintiff's argument. Psychologists, like the other "health care provider[s]" listed in section 90-21.11, are liable in medical malpractice only to their patients. We are aware that the treatment of the emotional problems of the patient may, in some instances, have adverse consequences on the patient's relationship with others. We understand that the opinions of the psychologist, if communicated to third parties, may have adverse consequences on those third parties. It does not follow, however, that the affected third party should have a cause of action for malpractice against the health care provider. Health care providers must "be free to recommend a course of treatment and act on the patient's response to the recommendation free from the possibility that someone other than the patient might complain in the future." *Lindgren v. Moore*, 907 F. Supp. 1183, 1189 (N.D.Ill. 1995). In other words, "doctors should owe their duty to their patient and not to anyone else" so as not to compromise this primary duty. *Id.* Furthermore, the plaintiff's reliance on N.C. Gen. Stat. § 90-270.15 and the Ethical Code is misplaced. Section 90-270.15 sets out the licensing requirements for a psychologist and those standards are not relevant to the standard of care required of a psychologist in a medical malpractice action. *See In re Dailey v. North Carolina State Bd. of Dental Examiners*, 309 N.C. 710, 722, 309 S.E.2d 219, 226 (1983). The code of ethics for psychologists, before it can serve as a source for legal rules, must be accepted as a legal standard. *See McGee v. Eubanks*, 77 N.C. App. 369, 374, 335 S.E.2d 178, 182 (1985). There is nothing in this record, nor does the plaintiff cite any authority, supporting the concept that the code of ethics has been accepted as the legal standard for evaluating the duty of care required of psychologists. Accordingly, the trial court correctly dismissed plaintiff's medical malpractice claim.

II

**[2]** Dr. Adams argues that the plaintiff's emotional distress claims are barred by the statute of limitation. We disagree.

Causes of action for emotional distress, both intentional and negligent, are governed by the three-year statute of limitation provisions of N.C. Gen. Stat. § 1-52(5) (1996). *King v. Cape Fear Memorial Hosp.*, 96 N.C. App. 338, 341, 385 S.E.2d 812, 814 (1989). Because

RUSSELL v. ADAMS

[125 N.C. App. 637 (1997)]

severe emotional distress is an essential element of both negligent and intentional emotional distress claims, *Waddle v. Sparks*, 331 N.C. 73, 82-83, 414 S.E.2d 22, 27 (1992), the three-year period of time for these claims does not begin to run (accrue) until the "conduct of the defendant causes extreme emotional distress." *Bryant v. Thalhimer Brothers, Inc.*, 113 N.C. App. 1, 12, 437 S.E.2d 519, 525 (1993), *cert. denied*, 336 N.C. 71, 445 S.E.2d 29 (1994). In other words, these claims do not accrue until the plaintiff "becomes aware or should reasonably have become aware of the existence of the injury." *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 493, 329 S.E.2d 350, 354 (1985); N.C.G.S. § 1-52(16).

A dismissal of an action on the pleadings based on a plea in bar of the statute of limitations is proper only when "all the facts necessary to establish the plea in bar . . . are either alleged or admitted in the plaintiff's pleadings, construing plaintiff's pleadings liberally in [the plaintiff's] favor." *Reidsville v. Burton*, 269 N.C. 206, 210, 152 S.E.2d 147, 150 (1967).

In this case the plaintiff alleges that Dr. Adams negligently and intentionally caused her severe emotional distress when he stated to Ms. Johnson (in 1989) and to Miller (on 8 September 1992) that she was mentally ill with a borderline personality. The complaint is silent as to when plaintiff's alleged severe emotional distress manifested itself and we are thus unable to determine when the action accrued. The severe emotional distress may not have occurred until she was informed by Miller on 2 November 1994 of his 8 September 1992 conversation with Dr. Adams or at some later time, in which event the complaint was timely filed. The facts necessary to support Dr. Adams' statute of limitation plea are therefore not contained in the complaint and dismissal of the action on this basis cannot be sustained. We do not address whether the complaint otherwise alleges the necessary elements of these torts, as Dr. Adams confines his brief to this Court to the statute of limitation issue.

[3] The plaintiff argues in her brief that she has alleged a claim for negligent misrepresentation and that the trial court erred in dismissing that claim. We disagree. Our reading of the complaint does not reveal a separate negligent misrepresentation claim. She only alleges misrepresentation as an element of her malpractice claim. She does allege a claim for libel and slander but has abandoned those claims because she has not argued those issues in her brief to this Court. N.C. R. App. P. 28(a).

In summary, the dismissal of plaintiff's emotional distress claims is reversed and remanded. The dismissal of plaintiff's other claims is affirmed.

Affirmed in part, reversed in part and remanded.

Judge MARTIN, John C., concurs.

Judge WYNN concurs in the result with separate opinion.

Judge WYNN concurring in the result.

I disagree with the majority's position that a silent complaint may afford plaintiff the benefit of a discovery rule such as N.C.G.S. § 1-52(16). In my view, a complaint which indicates two specific acts occurring outside the statute of limitations, such as the complaint at hand which alleges that the acts causing severe emotional distress took place in June 1989 and on 8 September 1992, must further set forth in the pleadings facts sufficient to show when the "bodily harm to the claimant . . . [became] or ought reasonably to have become apparent to the claimant." N.C.G.S. § 1-52(16). Since the discovery rule of N.C.G.S. § 1-52(16) provides that the cause of action will not accrue until this time, the complaint should indicate the time the injury occurred or reasonably manifested itself to plaintiff.

Nevertheless, I concur with the result reached by the majority because the complaint in the subject case, taken as a whole, makes sufficient allegations to survive a Rule 12(b)(6) challenge that the statute of limitations has run. The complaint outlines the specific acts causing injury and then further alleges that plaintiff was unaware of these acts prior to 2 November 1994. It is inconceivable that plaintiff's emotional distress would arise *before* plaintiff became aware of Dr. Adams' alleged injurious acts. Thus, the face of the complaint shows that plaintiff's injury must have occurred after 2 November 1994 and within the applicable three year statute of limitations. Accordingly, I believe the trial court's dismissal of the action was inappropriate not because the necessary facts are missing from defendant's statute of limitations plea, but rather because the plaintiff's complaint, on its face, is sufficient to show that the statute of limitations is not a bar.