PENNY FOX, Plaintiff-Appellant v. SARA LEE CORPORATION and JOHN ZIEKLE Defendants-Appellees

No. COA10-341

(Filed 5 April 2011)

**Statutes of Limitation and Repose— emotional distress claim —nervous breakdown—tolling of limitations period**

A dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) based on the statute of limitations was reversed where plaintiff alleged that she had been sexually assaulted at work in August of 2005, that she had a complete nervous breakdown a month later and was unable to manage her affairs from September of 2005 until

## FOX v. SARA LEE CORP.

[210 N.C. App. 706 (2011)]

February of 2007, and she filed her complaint in September of 2009. Plaintiff's argument on appeal focused only on the dismissal of her claims of intentional and negligent infliction of emotional distress, which are governed by a three-year statute of limitations with a provision that a person who is under a disability at the time the cause of action accrued may bring the action within the limitations period after the disability is removed. The cause of action accrued when plaintiff suffered emotional distress rather than when the harassment occurred, and plaintiff sufficiently alleged that she was mentally incompetent when she suffered the emotional distress.

Appeal by Plaintiff from order entered 21 January 2010 by Judge James M. Webb in Superior Court, Forsyth County. Heard in the Court of Appeals 12 October 2010.

*Stephen A. Boyce for Plaintiff-Appellant.*

*Constangy, Brooks & Smith, LLP, by Robin E. Shea, for Defendant-Appellee Sara Lee Corporation.*

McGEE, Judge.

Penny Fox (Plaintiff) filed a complaint against Sara Lee Corporation (Sara Lee) and John Ziekle (Mr. Ziekle) (collectively, Defendants) on 24 September 2009. In her complaint, Plaintiff alleged that she had been an employee at Sara Lee, and that Mr. Ziekle had been a co-worker. Plaintiff contended that she had been sexually assaulted by Mr. Ziekle and, as a result, suffered severe mental health problems that led to the loss of her job with Sara Lee. Plaintiff asserted claims of assault, battery, false imprisonment, intentional infliction of emotional distress and negligence, and sought damages. Sara Lee filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), contending that all of Plaintiff's claims were barred by the statute of limitations. In an order entered 21 January 2010, the trial court granted Sara Lee's motion and dismissed Plaintiff's complaint in its entirety with prejudice. Plaintiff appeals.

### Plaintiff's Issues on Appeal

Plaintiff's notice of appeal states that Plaintiff appeals "from the [o]rder entered . . . dismissing . . . Plaintiff's [c]omplaint on the grounds that her claims are barred by the applicable statutes of limitation and that . . . Plaintiff is not entitled to tolling." However, in

FOX v. SARA LEE CORP.

[210 N.C. App. 706 (2011)]

Plaintiff's brief, she states: "Plaintiff now appeals the dismissal of her claims of intentional and negligent infliction of emotional distress against Sara Lee Corporation." Plaintiff's arguments on appeal focus solely on her claims for emotional distress and, therefore, she has abandoned her appeal from the trial court's order dismissing her claims for assault, battery, and false imprisonment. N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

Thus, Plaintiff's sole issue on appeal is whether the trial court properly granted Sara Lee's motion to dismiss Plaintiff's claims based on emotional distress. Plaintiff alleged in her complaint that (1) she was sexually molested on 24 August 2005; (2) she reported the molestation to her supervisor; and (3) she had "a complete nervous breakdown." Plaintiff contended that, "[f]rom September, 2005 until February, 2007, [she] was unable to manage her own affairs." Plaintiff contends in her brief that the trial court erred in dismissing her complaint because the trial court incorrectly determined that her claims were barred by the statute of limitations. Specifically, Plaintiff argues that her complaint sufficiently alleged that her

> severe emotional distress manifested itself at the time of her nervous breakdown, which also rendered her unable to manage her own affairs, making her disabled. Therefore, her cause of action accrued at the same time she became disabled. This disability also tolled the limitations period until . . . her health sufficiently improved for her to manage her own affairs.

Standard of Review

" 'A Rule 12(b)(6) motion tests the legal sufficiency of the pleading.' " *Carlisle v. Keith*, 169 N.C. App. 674, 681, 614 S.E.2d 542, 547 (2005) (citation omitted). In ruling on a motion to dismiss pursuant N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), a trial court must determine whether " 'the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.' " *Carlisle*, 169 N.C. App. at 681, 614 S.E.2d at 547 (citation omitted). " 'When considering a 12(b)(6) motion to dismiss, the trial court need only look to the face of the complaint to determine whether' it reveals an insurmountable bar to plaintiff's recovery.' " *Id.* (citation omitted). Pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), a motion to dismiss may be an appropriate method of asserting that the statute of limitations has expired for a given cause of action. *Carlisle*, 169 N.C. App. at 681, 614 S.E.2d at 547. "[D]ismissal of an

action on the pleadings based on a plea in bar of the statute of limitations is proper only when 'all the facts necessary to establish the plea in bar . . . are either alleged or admitted in the plaintiff's pleadings, construing plaintiff's pleadings liberally in' " favor of the plaintiff. *Russell v. Adams*, 125 N.C. App. 637, 641, 482 S.E.2d 30, 33 (1997) (citation omitted).

## Statute of Limitations

The parties agree that Plaintiff's claims in this case are governed by a three-year statute of limitations. *See Id.* at 640, 482 S.E.2d at 33 ("Causes of action for emotional distress, both intentional and negligent, are governed by the three-year statute of limitation provisions of N.C. Gen. Stat. § 1-52(5)[.]"). However, N.C. Gen. Stat. § 1-17(a) (2009) provides, in pertinent part, that a "person entitled to commence an action who is under a disability at the time the cause of action accrued may bring his or her action within the [applicable statute of limitations], after the disability is removed[.]" For the purposes of N.C.G.S. § 1-17(a), "a person is under a disability if the person . . . is incompetent as defined in G.S. § 35A-1101(7) or (8)." N.C.G.S. § 1-17(a)(3). N.C. Gen. Stat. § 35A-1101(7) (2009) provides the following definition of "incompetent adult":

> "Incompetent adult" means an adult or emancipated minor who lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property whether the lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition.

Plaintiff asserts that her "severe emotional distress was not manifest and the tort was not complete until the nervous breakdown; the same nervous breakdown that disabled . . . Plaintiff and tolled the limitations period." Sara Lee counters that Plaintiff's "claims accrued immediately" and that, when the claims accrued, Plaintiff "was not disabled or incompetent." Thus, there are two fundamental issues before us: (1) whether Plaintiff's complaint contained allegations sufficient to allege she was an "incompetent adult[;]" and (2) whether Plaintiff's claims accrued before, or concurrently with, the onset of Plaintiff's alleged disability.

As to both of these questions, we find significant guidance from our Court's decisions in *Soderlund v. N.C. School of the Arts*, 125 N.C. App. 386, 481 S.E.2d 336 (1997) (*Soderlund I*) and *Soderlund v. Kuch*,

143 N.C. App. 361, 546 S.E.2d 632 (2001) (*Soderlund II*). The facts giving rise to the dispute in *Soderlund I* and *Soderlund II* involve the sexual harassment and abuse of a teenage plaintiff by educators at the North Carolina School of the Arts (NCSA) while the teenage plaintiff was a student there. *Soderlund I*, 125 N.C. App. at 387, 481 S.E.2d at 337. The plaintiff left NCSA in 1984, and he attained the age of majority in 1986. *Soderlund II*, 143 N.C. App. at 364, 546 S.E.2d at 635. The plaintiff alleged that he suffered extreme guilt and shame and that he was diagnosed with post-traumatic stress disorder (PTSD) in 1993 that was "directly caused by defendants' actions." *Soderlund I*, 125 N.C. App. at 389, 481 S.E.2d at 338. In *Soderlund I*, this Court noted that:

> The psychologist determined that until plaintiff told his mother about defendants' actions and the diagnosis was made, plaintiff had not realized nor was he capable of understanding, the effect and consequences of defendants' conduct, the connection between their conduct and his mental illness, or the fact that he had a cause of action against them.

*Id.* The plaintiff filed his complaint in 1995 naming as defendants, *inter alia*, the teachers who had allegedly harassed him as well as NCSA. *Id.*

Pursuant to N.C.G.S. § 1A-1, Rule 12(b)(1), (2) and (6), the defendants filed motions to dismiss, arguing that the statute of limitations had expired as to the plaintiff's claims. *Soderlund I*, 125 N.C. App. at 389, 481 S.E.2d at 338. The trial court granted the defendants' motions to dismiss. *Id.* The plaintiff appealed and the issue of whether the trial court properly granted the defendants' motions to dismiss was determined by this Court in *Soderlund I*. Our Court summarized the plaintiff's position, stating that he

> alleged in his complaint and argues on appeal that his mental illness rendered him incompetent as defined by N.C. Gen. Stat. § 35A-1101(7) (1995) and therefore tolled the applicable statute of limitations in accordance with N.C. Gen. Stat. § 1-17(a)(3) (1996). "Incompetent adult" is defined by N.C. Gen. Stat. § 35A-1101(7) as "an adult or emancipated minor who lacks sufficient capacity to manage his own affairs or to make or communicate important decisions concerning his person, family, or property whether such lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition."

*Id.* at 389-90, 481 S.E.2d at 338. The plaintiff's PTSD in *Soderlund I* was allegedly caused by the defendants' sexual abuse and harassment of the plaintiff. *See Id.* Our Court reversed the trial court's order granting the defendants' motions to dismiss, and our Court's ruling was summarized aptly in *Soderlund II*:

> In our previous opinion, this Court found that defendants had sufficient notice from the allegations in plaintiff's complaint that he may have been prevented from filing his claims due to his alleged incompetence, as defined in N.C. Gen. Stat. § 35A-1101(7) (1999). . . . Therefore, we reversed the trial court's dismissal and remanded the case for a determination of whether plaintiff's condition rose to the level of incompetence as defined in § 35A-1101(7), thus tolling the applicable statute of limitations.

*Soderlund II*, 143 N.C. App. at 365, 546 S.E.2d at 635 (citation omitted).

On remand of *Soderlund I*, the trial court conducted discovery as ordered by this Court. The defendants then filed a motion for summary judgment, which the trial court granted. The plaintiff appealed the trial court's order. *Id.* This Court stated in *Soderlund II*:

> With respect to the applicability of the statute of limitations and the existence of all necessary elements of both intentional and negligent infliction of emotional distress, the trial court found that plaintiff's claim lacked a genuine issue of material fact. In finding no genuine issue of material fact as to the statute of limitations, we conclude that [the trial court] was necessarily ruling that plaintiff's alleged incompetence did not rise to the level of incompetence, as defined in § 35A-1101(7), necessary to toll the statute of limitations. [The trial court] thereby dismissed plaintiff's claims with prejudice, and plaintiff now appeals to this Court.

*Id.* at 365, 546 S.E.2d at 635-36.

In *Soderlund II*, the first of the plaintiff's arguments on appeal focused on whether the trial court erred in determining when the cause of action for emotional distress accrued. *Id.* at 366, 546 S.E.2d at 636. The plaintiff argued that his emotional distress claim accrued either after a conversation with his mother in 1992 or after he received a PTSD diagnosis in 1993 and thus the three-year statute of limitations had not run at the time he filed his complaint in 1995. *Id.* We noted that, "[s]ometimes, causes of action for emotional distress 'take years to manifest the severe emotional results required to com-

plete the tort.' However, that is not the case *sub judice.*" *Id.* at 367, 546 S.E.2d at 637 (citation omitted). This Court further stated:

> By [plaintiff's] own admission, he manifested signs of "severe emotional distress"—"shame," "confusion," alcohol abuse, inability "to form healthy relationships," inability to "lead a normal life," "several mental breakdowns," and "contemplat[ion of] suicide"—following his 1986 departure from NCSA and for the next seven years of his life. Based on this evidence, it is clear that plaintiff's "severe emotional distress" and PTSD diagnosis could have been "*generally recognized and diagnosed by professionals trained to do so,*" at that time.

*Id.* at 368, 546 S.E.2d at 637 (emphasis in original).

This Court then addressed the plaintiff's alternative argument that "the trial court erred in not tolling the applicable statute of limitations due to plaintiff's alleged incompetence as defined in N.C. Gen. Stat. § 35A-1101(7)." *Id.* at 372, 546 S.E.2d at 640. We held that the plaintiff had failed to show that his emotional distress rose to the level of incompetence and therefore rejected his assignment of error. *Id.* In so holding, however, this Court conducted the following analysis:

> [The] [p]laintiff's only allegation regarding his incompetency is that his mental condition "cause[d] him to be incapable of understanding his legal rights, making or communicating important decisions about those rights or bringing a lawsuit. . . ." As stated above, the term "affairs" in § 35A-1101(7) encompasses more than just one transaction. *See id.* Moreover, evidence presented during discovery showed that since leaving NCSA in 1986, plaintiff arranged for places to live, signed leases, cooked, went shopping, held several jobs, attended college at two institutions, obtained and renewed driver's licenses from three states, drove vehicles, owned farmland, traveled and lived in foreign countries, produced a ballet, and created music. The evidence is sufficient to show that plaintiff could and did manage his own affairs and make important decisions concerning his person and property after his 1986 departure from NCSA. Thus, we hold plaintiff was not incompetent as per § 35A-1101(7), and plaintiff's mental condition did not warrant tolling the three-year statute of limitations of § 1-52(5).

*Id.* at 373, 546 S.E.2d at 640. Thus, our Court's determination that the plaintiff's mental condition did not rise to the level of incompetence under N.C.G.S. § 35A-1101(7) resulted from our determination that

there was evidence that the plaintiff "could and did manage his own affairs and make important decisions concerning his person and property after" suffering the alleged abuse and leaving NCSA. *Id.*

Incompetence Under N.C.G.S. § 35A-1101(7)

We first address whether Plaintiff's complaint contained allegations sufficient to allege that she was an "incompetent adult." Plaintiff's complaint contained the following allegations:

14. The next day, . . . Plaintiff, the department manager, and . . . Plaintiff's co-worker attended an off-site meeting. . . . Plaintiff was a nervous wreck and [did] not remember what happened that day.

15. On August 26, 2005, . . . Plaintiff went to the human resources office and reported Ziekle and the August 24 incident to a human resources director.

. . . .

18. The human resources director then referred . . . Plaintiff to the Sara Lee employee assistance provider (Horizon Care) for mental health treatment. Plaintiff's psychiatrist recommended that Plaintiff be placed on medical leave. Sara Lee Corporation approved the medical leave. Sara Lee Corporation knew that . . . *Plaintiff's mental health prevented her from working or managing her own affairs.*

19. . . . Plaintiff's mental health began to rapidly deteriorate. She had a complete nervous breakdown. *Under psychiatric care, . . . Plaintiff was unable to mentally function and could not leave her house by herself.*

. . . .

27. From September, 2005 until February 2007, . . . Plaintiff's poor mental health, which was caused by . . . Defendants' conduct, prevented . . . Plaintiff from working, managing her own affairs, coping with daily life, or going about by herself. During much of this time, . . . Plaintiff was obliged to live with her parents because she could not manage by herself.

(Emphasis added). Plaintiff specifically alleged that she was under psychiatric care, could not leave her house by herself, and was "unable to mentally function[.]" Further, Plaintiff alleged that Sara Lee was aware that Plaintiff's condition "prevented her from working or managing her own affairs." We hold that Plaintiff's pleadings were sufficient to put Defendants on notice that Plaintiff was prevented

from filing her complaint due to her mental condition. *See Soderlund I*, 125 N.C. App. at 391, 481 S.E.2d at 339 ("defendants had sufficient notice from the allegations in plaintiff's complaint that he may have been prevented from filing his claims due to mental disability").

### Accrual of Plaintiff's Cause of Action

We next address whether Plaintiff's complaint sufficiently alleged that she was incompetent at the time her cause of action accrued. Ordinarily, a " 'cause of action accrues when the wrong is complete, even though the injured party did not then know the wrong had been committed.' " *Housecalls Home Health Care, Inc. v. State*, —— N.C. App. ——, ——, 682 S.E.2d 741, 744 (2009) (citation omitted). However,

severe emotional distress is an essential element of both negligent and intentional emotional distress claims, [and] the three-year period of time for these claims does not begin to run (accrue) until the "conduct of the defendant causes extreme emotional distress." In other words, these claims do not accrue until the plaintiff "becomes aware or should reasonably have become aware of the existence of the injury."

*Russell*, 125 N.C. App. at 641, 482 S.E.2d at 33 (internal citations omitted).

Sara Lee contends that Plaintiff alleged that "she was fully competent when the alleged sexual harassment occurred and for approximately a month afterward, and that she made prompt and timely complaints to management." However, Sara Lee's argument ignores the fact that Plaintiff's causes of action based on emotional distress did not accrue at the time the alleged sexual harassment occurred. Rather, Plaintiff's causes of action based on emotional distress did not accrue until Plaintiff actually suffered emotional distress. *Russell*, 125 N.C. App. at 641, 482 S.E.2d at 33. We thus review Plaintiff's complaint to determine when Plaintiff alleged she had suffered emotional distress.

Our Supreme Court has held that, in the context of an emotional distress action, "the term 'severe emotional distress' means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990): Construing Plaintiff's complaint liberally in favor of Plaintiff, *Russell*, 125 N.C. App. at 641, 482 S.E.2d at 33, we find that Plaintiff alleged she was a

nervous wreck the day after the assault. Sara Lee insists that Plaintiff's causes of action accrued at that time, based on Plaintiff's allegation of being a "nervous wreck." However, Sara Lee cites no cases, and we are not aware of any, which stand for the proposition that a plaintiff's being a "nervous wreck" supports a claim for severe emotional distress under the definition provided by *Johnson*.

Plaintiff next alleged that, after reporting the incident to Sara Lee's human resources director, Plaintiff was referred to a psychiatrist. Plaintiff's psychiatrist "recommended that Plaintiff be placed on medical leave." Plaintiff also stated that her "mental health began to rapidly deteriorate. She had a complete nervous breakdown."

Thus, Plaintiff's allegations, construed liberally in her favor, suggest that she had been placed on medical leave, had "a complete nervous breakdown[,]" and became unable to manage her affairs, all at around the same time. We hold that Plaintiff's complaint sufficiently alleged that she was mentally incompetent, either concurrently with, or before, she suffered "severe emotional distress." Thus, Plaintiff's complaint was sufficient to place Defendants on notice that Plaintiff was under a disability when her causes of action accrued, thereby tolling the statute of limitations.

We stress that we are reviewing the trial court's ruling on Sara Lee's N.C.G.S. § 1A-1, Rule 12(b)(6) motion and, therefore, it is not the role of this Court to determine whether Plaintiff was actually incompetent. Rather, as in *Soderlund I*, our review is to determine whether Plaintiff's complaint was sufficient to put Defendants on notice that Plaintiff was rendered mentally incompetent as a result of Defendants' actions and, therefore, was incompetent when her causes of action accrued. As stated above, we hold that Plaintiff's complaint sufficiently alleged that: (1) Plaintiff became an "incompetent adult" for the purposes of tolling the statute of limitations; and (2) Plaintiff was under a disability at the time she suffered the severe emotional distress which caused her claims to accrue. Therefore, we reverse the trial court's order granting Sara Lee's N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss as to Plaintiff's claims for emotional distress and remand to the trial court.

Affirmed in part; reversed in part and remanded.

Judges HUNTER, JR. and BEASLEY concur.