NO. COA14-326

NORTH CAROLINA COURT OF APPEALS

Filed: 21 October 2014

PENNY FOX,
     Plaintiff,

     v.                                    Forsyth County
                                           No.  09 CVS 8153
SARA LEE CORPORATION and JOHN
ZIEKLE,
     Defendants.


     Appeal by plaintiff from order entered 3 December 2013 by
Judge David L. Hall in Superior Court, Forsyth County.  Heard in
the Court of Appeals 9 September 2014.


     *Stephen A. Boyce, for plaintiff-appellant.*

     *Constangy, Brooks & Smith, LLP by Robin E. Shea, for
     defendants-appellees.*


     STROUD, Judge.


     Plaintiff appeals the trial court order granting defendant
Sara Lee Corporation's motion for summary judgment and
dismissing her claim.  Because plaintiff failed to present any
evidence that defendant Sara Lee ratified the tortious actions
of its employee, defendant John Ziekle, we affirm the trial
court's order granting summary judgment and dismissing
plaintiff's claim.

I.   Background

In 2005, plaintiff and defendant Ziekle were both employees of defendant Sara Lee and worked "in the Sara Lee Corporation Madison Park facility in Winston-Salem, North Carolina." Plaintiff was employed as an analyst in defendant Sara Lee's business government department, while defendant Ziekle worked in the information technology department and one of his duties was to service "the computer systems the Plaintiff used in her work." This case arises out of defendant's Ziekle's alleged sexual assault of plaintiff on 24 August 2005. Plaintiff's complaint was previously dismissed by the trial court and appealed to this Court. *Fox v. Sara Lee Corp.*, 210 N.C. App. 706, 707, 709 S.E.2d 496, 498 (2011) ("*Fox I*"). We set forth the procedural background for this case in the first appeal, in *Fox I*:

> Penny Fox (Plaintiff) filed a complaint against Sara Lee Corporation (Sara Lee) and John Ziekle (Mr. Ziekle) (collectively, Defendants) on 24 September 2009. In her complaint, Plaintiff alleged that she had been an employee at Sara Lee, and that Mr. Ziekle had been a co-worker. Plaintiff contended that she had been sexually assaulted by Mr. Ziekle and, as a result, suffered severe mental health problems that led to the loss of her job with Sara Lee. Plaintiff asserted claims of assault, battery, false imprisonment, intentional infliction of emotional distress and

> negligence, and sought damages. Sara Lee filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), contending that all of Plaintiff's claims were barred by the statute of limitations. In an order entered 21 January 2010, the trial court granted Sara Lee's motion and dismissed Plaintiff's complaint in its entirety with prejudice. Plaintiff appeals.

*Id.* at 707, 709 S.E.2d at 497-98.

In *Fox I*, we determined that plaintiff had abandoned "her claims for assault, battery, and false imprisonment." *Id.* at 708, 709 S.E.2d at 498. The only remaining issue in *Fox I* was "whether the trial court properly granted Sara Lee's motion to dismiss Plaintiff's claims based on emotional distress" because they were barred by the statute of limitations. *Id.* In *Fox I*, this Court reversed the dismissal of plaintiff's claim based on the statute of limitations because

> Plaintiff's complaint sufficiently alleged that: (1) Plaintiff became an incompetent adult for the purposes of tolling the statute of limitations; and (2) Plaintiff was under a disability at the time she suffered the severe emotional distress which caused her claims to accrue. Therefore, we reverse the trial court's order granting Sara Lee's N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss as to Plaintiff's claims for emotional distress and remand to the trial court.

*Id.* at 715, 709 S.E.2d at 502 (quotation marks omitted). *Fox I* was filed 5 April 2011. *See Fox I*, 210 N.C. App. 706, 709

S.E.2d 496.

On 25 April 2011, defendant Sara Lee answered plaintiff's complaint and alleged various defenses. On 29 May 2012, the trial court entered default against defendant Ziekle based upon his failure to file "an answer, motion, or other responsive pleading, and he has not obtained an enlargement of time to do so." On 29 August 2013, the trial court entered a default judgment against defendant Ziekle ordering him to pay plaintiff $752,492.00; this default judgment was entered without any prejudice to defendant Sara Lee.

On 18 November 2013, plaintiff voluntarily dismissed her claim for negligent infliction of emotional distress against defendant Sara Lee. Thus, the only remaining claim was plaintiff's claim against defendant Sara Lee for intentional infliction of emotional distress, based upon defendant Sara Lee's alleged ratification of defendant Ziekle's conduct. On 4 November 2013, defendant Sara Lee filed for summary judgment alleging plaintiff's claim was "barred because she cannot create a genuine issue of material fact that Sara Lee ratified the alleged conduct of Defendant" Ziekle. On 3 December 2013, the trial court granted defendant Sara Lee's motion for summary judgment and dismissed plaintiff's only remaining claim.

Plaintiff appeals.

## II. Summary Judgment

Defendant Sara Lee's motion for summary judgment alleged three possible bases for the trial court to grant summary judgment dismissing plaintiff's claim: (1) expiration of the statute of limitations, (2) workers' compensation exclusivity bars the claim, and (3) lack of sufficient evidence that defendant Sara Lee ratified defendant Ziekle's allegedly wrongful conduct. The order granting summary judgment does not state which of the rationales the trial court relied upon in dismissing plaintiff's claim. Much of plaintiff's argument on appeal addresses her severe emotional distress and details of her disability, psychiatric diagnoses, and treatment. We do not doubt the validity and seriousness of plaintiff's emotional distress. We will assume *arguendo* for purposes of this appeal, viewing the evidence in the light most favorable to plaintiff, that her mental health was so severely impaired that the statute of limitations was tolled and that her claims were therefore timely filed. For this reason, we will not address plaintiff's arguments regarding the severity of her distress and its ramifications on her daily life nor will we address the statute of limitations; we will address only the merits of plaintiff's

substantive claim, which is that defendant Sara Lee is liable to her for intentional infliction of emotional distress because it ratified defendant Ziekle's allegedly tortious conduct.

Thus turning to the trial court's summary judgment order on the merits of plaintiff's claim:

> A trial court appropriately grants a motion for summary judgment when the information contained in any depositions, answers to interrogatories, admissions, and affidavits presented for the trial court's consideration, viewed in the light most favorable to the non-movant, demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. As a result, in order to properly resolve the issues that have been presented for our review in this case, we are required to determine, on the basis of the materials presented to the trial court, whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. Both before the trial court and on appeal, the evidence must be viewed in the light most favorable to the nonmoving party and all inferences from that evidence must be drawn against the moving party and in favor of the non-moving party. When there are factual issues to be determined that relate to the defendant's duty, or when there are issues relating to whether a party exercised reasonable care, summary judgment is inappropriate. We review orders granting or denying summary judgment using a de novo standard of review, under which this Court considers the matter anew and freely substitutes its own judgment for that of the trial court.

*Trillium Ridge Condominium Ass'n, Inc. v. Trillium Links & Village*, *LLC*, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (Sept. 16, 2014) (No. COA14-183) (citations, quotation marks, and brackets omitted).

Plaintiff argues that there are genuine questions raised by the evidence as to several facts: (1) "whether Prudy Yates was the Plaintiff's immediate supervisor on August 24, 2005[;]" (2) "whether Manager Yates told the Plaintiff not to report the Ziekle assault[;]" (3) "whether Manager Yates ever reported the Ziekle assault[;]" and (4) "[w]hether Manager Yates' instructions to not report the Ziekle assault and her failure to immediately report the assault herself were done in the line of duty and within the scope of Manager Yates' employment." (Original in all caps.) Plaintiff notes in her brief, deposition testimony and affidavits that present slightly varying descriptions of each of these facts. To the extent that there are any genuine issues raised by the evidence, we find that they are not material, since even if we view the evidence in the light most favorable to plaintiff, it does not support ratification by defendant Sara Lee.

In August of 2005, defendant Ziekle worked in defendant Sara Lee's information technology department and one of his

duties was to service "the computer systems the Plaintiff used in her work." Plaintiff testified in her deposition that late in the day on Wednesday, 24 August 2005, she was preparing to leave work when defendant Ziekle came up behind her, trapped her in her cubicle, put his arm around her neck, and fondled her breast against her will. Plaintiff acknowledged that prior to the 24 August 2005 incident she could not remember thinking or feeling anything specifically "off putting" about defendant Ziekle.

After plaintiff got home from work, she called Ms. Prudy Yates, a manager in her department, and told her what defendant Ziekle had done to her. According to plaintiff, Ms. Yates told her told her to not report defendant Ziekle's alleged wrongful conduct, and if she did report it, she should not provide names. The evidence shows, as summarized by plaintiff's brief, that

> [t]he day after the Ziekle assault and the telephone conversation with Manager Yates, Plaintiff Fox called HR Director Bostwick and arranged to meet with her the following Friday. (App. P. 36, Fox Dep. Vol. I, P. 235, L. 1-10)
>
> Plaintiff Fox first met with Director Bostwick on Friday, August 26 and again on Wednesday, August 31, 2005. The Plaintiff testified that she described the Ziekle assault and her telephone conversation with Manager Yates during both meetings. She told Director Bostwick that Manager Yates had told her not to report the assault. Director

> Bostwick told the Plaintiff that she would investigate the Manager Yates telephone conversation, but the Plaintiff could not refer to Manager Yates in any complaint about the Ziekle assault. (App. P. 38-51, Fox Dep. Vol. I, P. 237, L. 11 – P. 250, L. 10)[.]

Whatever the truth may be about who first notified Ms. Amy Bostwick and how,[1] it is undisputed that she was the Director of Human Resources and that she initiated the investigation of defendant Ziekle immediately upon plaintiff's report to her.

Ms. Bostwick then contacted Mr. Nathan Chapman, who was the Senior Human Resources Manager over defendant Ziekle's work department. Mr. Chapman interviewed defendant Ziekle on Friday, 2 September 2005; defendant Ziekle claimed that he did not recall whether he had inappropriately touched plaintiff. Because defendant Ziekle did not deny the allegation, Mr. Chapman suspended defendant Ziekle that same day. Defendant Ziekle never returned to work at defendant Sara Lee after that day, and he was officially terminated on 12 September 2005.

---

[1] In her deposition Ms. Yates testified that on Thursday, 25 August 2005, she went to check on plaintiff. Ms. Yates said she asked plaintiff if she had contacted Ms. Bostwick; plaintiff informed her she did not have her phone number; so Ms. Yates gave plaintiff Ms. Bostwick's phone number and said, "You have got to call her." Ms. Bostwick's affidavit states that on 25 August 2005, Ms. Yates contacted her and told her she "needed to get in touch with" plaintiff.

There was no contact between plaintiff and defendant Ziekle after the 24 August 2005 incident. Plaintiff never returned to work with defendant Sara Lee, except for a few days in December 2005, though from the perspective of defendant Sara Lee she was free to do so. On 31 August 2006, plaintiff claims she received a letter of termination because she "had been out on medical leave for one year."[2]

In considering the alleged genuine issues of material fact posited by plaintiff, even if we assume that (1) "Prudy Yates was the plaintiff's immediate supervisor on August 24, 2005[;]" (2) "Manager Yates told the Plaintiff not to report the Ziekle assault[;]" (3) "Manager Yates [never] reported the Ziekle assault[;]" and (4) "Manager Yates' instructions to not report the Ziekle assault and her failure to immediately report the assault herself were done in the line of duty and within the scope of Manager Yates' employment[;]" this does not demonstrate that defendant Sara Lee ratified defendant Ziekle's actions.

Essentially, at best, plaintiff claims that Ms. Yates' erroneous advice -- not to report the defendant Ziekle's assault -- caused her to delay reporting defendant Ziekle's actions to Ms. Bostwick for a period of time from the evening of 24 August

---

[2] There are no issues on appeal regarding plaintiff's medical leave or ultimate termination with defendant Sara Lee.

2005 until 25 August 2005. As summarized by plaintiff's brief, "[t]he day after the Ziekle assault and the telephone conversation with Manager Yates, Plaintiff Fox called HR Director Bostwick and arranged to meet with her the following Friday[,]" which was the Friday after the Wednesday on which the incident occurred. We are unable to discern what effect, if any, Ms. Yates' allegedly erroneous instructions to plaintiff had upon plaintiff's actions, as she disregarded these instructions and on Thursday called to arrange an appointment with Ms. Bostwick and met with her on Friday. There is no dispute that from the time that plaintiff notified Ms. Bostwick, defendant Sara Lee investigated the claim promptly and terminated defendant Ziekle's employment.

Plaintiff's theory of ratification is based solely upon one phone call in which she alleges Ms. Yates told her not to report the incident, but if she did, not to use the name of the party involved. In *Denning-Boyles v. WCES, Inc.*, this Court described the legal bases for an employer's liability for a wrongful intentional act by an employee as follows:

> An employer may be held liable for the torts of an employee under the doctrine of *respondeat superior* in circumstances where: (1) the employer expressly authorizes the employee's act; (2) the tort is committed by the employee in the scope of employment and

in furtherance of the employer's business; or (3) the employer ratifies the employee's tortious conduct.  For plaintiff to have survived summary judgment as to [defendant], therefore, the evidence must necessarily have tended to show that the acts of [co-worker] and the conduct of [defendant] fell into one of the aforementioned categories. We conclude plaintiff presented a sufficient forecast of the evidence to move forward on the theory of ratification, and thus do not discuss the remaining categories.

This Court has held that:

In order to show that the wrongful act of an employee has been ratified by his employer, it must be shown that the employer had knowledge of all material facts and circumstances relative to the wrongful act, and that the employer, by words or conduct, shows an intention to ratify the act.

In addition,

the jury may find ratification from any course of conduct on the part of the principal which reasonably tends to show an intention on his part to ratify the agent's unauthorized acts. Such course of conduct may involve an omission to act.

Finally, although the employer must have knowledge of all material facts relative to its employee's acts in order to effect ratification,

if the purported principal is shown to have knowledge of facts which would lead a person of ordinary prudence to investigate further, and he fails to make such investigation, his affirmance without qualification is evidence that he is willing to ratify upon

the knowledge which he has.

123 N.C. App. 409, 411-15, 473 S.E.2d 38, 40-42 (1996) (citations, quotation marks, and brackets omitted). Black's Law Dictionary defines "ratification" as "[a]doption or enactment" or "[c]onfirmation and acceptance of a previous act, thereby making the act valid from the moment it was done" or "[a] person's binding adoption of an act already completed[.]" Black's Law Dictionary 1376 (9th ed. 2009).

Plaintiff contends that her case is analogous to *Brown v. Burlington Industries, Inc.*, in which the plaintiff told her supervisor over the course of approximately two years about her co-workers' numerous acts of alleged sexual harassment, but the supervisor failed to take any action to protect the plaintiff or to investigate her claims. *See Brown*, 93 N.C. App. 431, 432, 378 S.E.2d 232, 233 (1989), *disc. review improvidently allowed per curiam*, 326 N.C. 356, 388 S.E.2d 769 (1990). Eventually, the plant manager found out about the plaintiff's co-worker's conduct and fired him within approximately a month of receiving the information. *Id.* at 432-33, 378 S.E.2d at 233. This Court determined that the supervisor's inaction ratified the co-worker's tortious conduct. *See id.* at 437-38, 378 S.E.2d at 236.

In *Denning-Boyles*, this Court also found that the defendant employer ratified the offending employee's action where multiple co-workers complained over a span of approximately four months about the repeated tortious conduct. *See id.* at 415, 473 S.E.2d at 41. In *Denning-Boyles*, the plaintiff was asked to stop complaining and the defendant ultimately decided the offending employee would keep his employment with defendant and plaintiff should be the one to leave. *See id.* at 416-17, 473 S.E.2d at 43.

This case is entirely distinguishable from both *Denning-Boyles* and *Brown*. *Contrast Denning-Boyles*, 123 N.C. App. 409, 473 S.E.2d 38; *Brown*, 93 N.C. App. 431, 378 S.E.2d 232. Here, plaintiff contacted Ms. Bostwick the day after the incident, met with her within two days of the incident, and Ms. Bostwick took immediate action to investigate the claim against defendant Ziekle, which resulted in Ziekle's termination within the month.

In order to prove ratification, plaintiff must first show that defendant Sara Lee "had knowledge of all material facts and circumstances relative to the wrongful act, and that the employer, by words or conduct, show[ed] an intention to ratify the act." *Denning-Boyles*, 123 N.C. App. at 415, 473 S.E.2d at 42. There was only one act alleged here, the 24 August 2005

groping by defendant Ziekle, and not a continuing course of conduct, as in *Denning-Boyles and Brown*. *Contrast Denning-Boyles*, 123 N.C. App. 409, 473 S.E.2d 38; *Brown*, 93 N.C. App. 431, 378 S.E.2d 232. Even taking the evidence in the light most favorable to plaintiff, and assuming that plaintiff described "all material facts and circumstances" to Ms. Yates on the phone, *Denning-Boyles*, 123 N.C. App. at 415, 473 S.E.2d at 42, the only time period during which defendant Sara Lee could possibly be considered as "ratifying" defendant Ziekles's conduct would be from the time of the phone call until Plaintiff met with Ms. Bostwick within two working days of the incident. Whatever Ms. Yates told plaintiff on the phone, plaintiff reported the incident to the proper personnel of defendant Sara Lee, and defendant Sara Lee immediately initiated the investigation, which was, as a practical matter, the first opportunity that defendant Sara Lee had to address the incident.

Furthermore, plaintiff has not demonstrated "any course of conduct on the part of [defendant Sara Lee] which reasonably tends to show an intention on [its] part to ratify [defendant Ziekle]'s unauthorized acts. Such course of conduct may involve an omission to act." *Id.* Defendant Sara Lee immediately initiated an investigation, which was completed quickly and

resulted in Ziekle's termination.

In fact, we are not sure how defendant Sara Lee could have acted much more quickly and decisively in its investigation of plaintiff's claims. Instead of ratifying, or even briefly tolerating, defendant Ziekle's conduct, defendant Sara Lee took action to protect plaintiff from further wrongful conduct on his part. As plaintiff failed to forecast sufficient evidence that defendant Sara Lee ratified defendant Ziekle's conduct or any other basis for *respondent superior* liability, we conclude that the trial court properly granted defendant Sara Lee's motion for summary judgment.

### III. Conclusion

For the foregoing reasons, we affirm.

AFFIRMED.

Judges MCGEE and BRYANT concur.